**146**

Joanne PARSLEY,
Petitioner-Respondent,

v.

Robert W. PARSLEY,
Respondent-Appellant.

No. KCD 29254.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Donald E. Raymond, Kansas City, for re-spondent-appellant.

Philip H. Schwarz, McMullin, Wilson & Schwarz, Kansas City, for petitioner-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

The father of six children has appealed from an order of the Circuit Court of Jackson County overruling his motion to modify certain provisions of a decree (once modified) entered in a divorce action awarding custody of the six children to the mother. He sought to have the divorce decree again modified in two respects, namely, that further child support payments for two of the six children who had attained their majority be terminated, and that custody of the four remaining minor children be transferred to him.

The father claims the trial court erred in failing to terminate child support payments for the two children who had attained their majority. The original decretal provision appertaining to child support, entered April 22, 1971, ordered the father to "pay to plaintiff [mother] as support and maintenance of said minor children the sum of Seventy-five ($75.00) dollars per week, the first payment in the sum of Seventy-five ($75.00) dollars to be due and payable this 22nd day of April, 1971, and a like sum of Seventy-five ($75.00) dollars to be due and payable on Thursday of each and every week hereafter until further order of the court, and in default of one or more payments, execution issue therefor." On May 8, 1973, the same was modified as follows: "Plaintiff's [mother] allowance for support of the six minor children is increased to $90.00 per week and defendant [father] is given temporary custody of the children [every other weekend commencing May 12, 1973, from 2:00 P. M. Saturday to 7:00 P. M. on Sunday and for two weeks during each summer]".

The father perfunctorily assumes that upon showing that two of the six children had attained their majority he was entitled to a pro rata reduction of the single

weekly sum for child support as a matter of law. The law is otherwise. As stated in *Gordon v. Ary*, 358 S.W.2d 81, 83 (Mo.App. 1962), "a divorce decree, such as that before us, which fixes a single monthly sum to be paid for the benefit of two or more children is deemed by the courts to require payment of the entire sum until the youngest living child attains majority, or until the decree is otherwise prospectively modified by a court order." It should be noted that the trial court in the instant case found that the single weekly sum of $90.00 was reasonable for the support of the four remaining minor children, from both the standpoint of their need and the father's ability to support them.

The father concludes his appeal by claiming that the trial court erred in failing to award him custody of the four remaining minor children. He advances the argument that the best interests of the children leave no room for doubt that the trial court erred in not favorably entertaining his request for a transfer of custody. The two hundred and thirty page transcript in this case reveals that the parties seemed obsessed with the idea of continuing to vent familial bitterness and for this reason the evidence adduced was seldom mundane to the issue of where lay the best interests of the minor children. That which was, as might be expected, was conflicting in many crucial respects. Under the circumstances this court has no choice but to yield to the command of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and affirm the order of the trial court because it cannot be said that it lacks substantial evidence to support it, or that it is against the weight of the evidence or erroneously declares or applies the law.

Judgment affirmed.

All concur.