Thomas Lee-Roy KENNEDY,
Jr., Respondent,

v.

Linda Sue KENNEDY, Appellant,

Terminal Railroad Association of St.
Louis, Garnishee.

Nos. 38215, 39362.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 12, 1978.

Keith W. Hazelwood, Rollings, Gerhardt & Hazelwood, St. Charles, for appellant.

Theodore S. Schechter, Schechter & Zerman, Clayton, for respondent.

WEIER, Judge.

### 1. Case History

This is a consolidation of two appeals from orders of the trial court quashing garnishments issued pursuant to execution on a child support judgment.

### 2. Facts

Both in an order pending the final determination of a divorce case and in the final decree, the court ordered plaintiff, Thomas Lee-Roy Kennedy, Jr., to pay defendant, Linda Sue Kennedy, the sum of $21 per child per week for each of two children whose custody was awarded to the defendant-mother. The award was paid until August 1972. In April 1974, Thomas was prosecuted in the Jefferson County Missouri Magistrate Court on a criminal charge for failing to support his children. He was acquitted because of his poor financial condition at the time. At that time he discussed the matter with his wife Linda and according to his testimony she told him "she would forget all sums that I had owed her up to date, if I would pay her $30.00 every two weeks until I got back on my feet." Afterward in May 1974 he suffered a disabling injury and was on railroad retirement and disability payments 21 months, returning to work in February 1976. A garnishment had been placed against his wages in March 1976 and also against a settlement on his disabling accident claim.

### 3. Issues Submitted and Their Determination

The points relied on in defendant-appellant's brief are numbered in Roman ciphers. We present them in the same order.

I. Error is charged in that the trial court, citing *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974), held that past-due obligations for decretal child support before April 1974 were forgiven because this finding erroneously applied the law, erroneously declared the law and was against the weight of the evidence. In essence, the issue is whether these parties could form a valid contract between themselves which relieved the plaintiff-husband of his obligation under the support judgment. Defendant here contends that although the current approved rule of law would support such a contract, the rule should be changed. As stated by this court in *Rodgers v. Rodgers, supra* at 144[5]:

"Our courts have, however, for a long time recognized that past due child support owing by the divorced husband to the former wife pursuant to a court order for child support and maintenance incorporated into the divorce decree constitutes a debt of the husband to the former wife, . . . and they become judgments in favor of the former wife . . Like any other debt or judgment they are subject to being settled or compromised by the parties and any such settlement or compromise, if supported by adequate consideration, will be respected and enforced by the courts of this state." [Citations omitted.]

We are not disposed to attempt to change a rule so well established even if this were within our power and we were inclined to change it. Dicta in *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762, 768 (1932); *Hart v. Hart*, 539 S.W.2d 679, 682 (Mo.App.1976); *Cervantes v. Cervantes*, 239 Mo.App. 932, 203 S.W.2d 143, 146[8] (1947).

■ Defendant then pursues the contention that the contract as to past-due child support failed because of an absence of consideration. In searching for a consideration to support a contract to relieve plaintiff of his liability for child support payments due his former wife before April of 1974, it is required as in any contract of settlement and compromise that there be either a benefit to promisee, here the defendant-wife, or a detriment to promisor, here the plaintiff-husband. *Wells v. Hartford Accident and Indemnity Company*, 459 S.W.2d 253, 260[10, 12] (Mo.banc 1970); *see also Rodgers, supra* at 144[5]. A compromise agreement lacking consideration becomes a nullity. *Dickey v. Thirty-Three Venturers*, 550 S.W.2d 926, 931[6] (Mo.App. 1977).

■ Because Thomas had a continuing duty under the support judgment to pay to Linda $42 per week, his agreement to pay $30 every other week cannot be considered either as a detriment to himself or a benefit to Linda.

Thomas contends that due to his financially embarrassed condition, his payment of less than the amount due is a binding consideration. He relies on *Dalrymple v. Craig*, 149 Mo. 345, 50 S.W. 884 (1899). We find his reliance is misplaced. In *Dalrymple*, the debtor did arrange a settlement for less than the liquidated sum of his notes. However, the debtor also borrowed a sum of money specifically for paying the settlement and paid the settlement sometime before the notes were due. As the court noted the amount was not paid out of the debtor's funds, but rather out of funds borrowed. We think a fair reading of the case shows that the court found consideration from these latter facts and not from the debtor's payment of less than the liquidated sum of his notes at a time he was financially embarrassed. As noted in the opinion, the payment of a smaller sum in discharge of a larger sum admitted to be due is not a payment of the balance. *Dalrymple, supra* at 888.

■ Finally, Thomas contends that he relied on the contract and this induced him not to file a motion to modify the child support payments. He contends this detrimental reliance supplies the necessary consideration to bind the appellant under the doctrine of promissory estoppel. Promissory estoppel will bind contracting parties where justice so requires and where the promisor's promise should reasonably be expected to induce the promisee's reliance and actually does induce the promisee's reliance. *In re Jamison's Estate*, 202 S.W.2d 879, 886[13, 14] (Mo.1947).

■ The parties here, however, were without power to form a binding contract as to future child support. Therefore, the only promise that could validly run from Linda to Thomas was the promise to relieve him of his liability for payments accrued as of April 1974. This promise could not be reasonably expected to induce him to forbear from filing his motion to modify payments due after April 1974. It is clear from the facts that if he refrained from filing a motion to modify in reliance on Linda's void promise to reduce future due payments it was based upon a promise void

under the law and contrary to public policy. It was not based upon her agreement to relieve Thomas of his liability on the payments past due as of the date of their contract. We conclude there was no consideration moving from the respondent to the appellant in exchange for the appellant's promise to forgive the past-due child support payments.

II. Defendant Linda contends the court erred in its orders quashing the garnishments as to child support payments due after April 1974, except as to the sum of $30 every two weeks because the parties could not legally agree to an adjustment of future decretal child support.

Respondent relies upon *Rodgers v. Rodgers, supra,* 505 S.W.2d 138. In *Rodgers,* the husband and wife were divorced and the divorce court ordered periodic child support payments to be made by the husband. Because the wife angrily informed the husband that she did not want his money, the husband quit making the payments to the wife and technically fell behind. He set up a trust fund and made the payments into the fund for several months. He kept the payments current until his wife through counsel negotiated an agreement to relieve him of his duty to pay in accordance with the court order (both accrued and unaccrued payments) in exchange for his consent to the adoption of the children by the wife's second husband. The former husband, after executing the "Consent to Adoption," revoked the trust and used the money to help pay for his extensive needs at that time. The adoption, however, was not pursued by the mother and her subsequent husband. The former husband was not informed of this until his former wife sued him several years later for the payments that had not been made. The children were still minors at the time of this suit. This court held that the contract was valid with respect to the payments past due at the time of the contract and the former wife would be barred from collecting future payments due after the making of the contract up to the hearing of the motion to quash because of the "peculiar facts of this case." We do not have similar facts here and for this reason adhere to the general rule set forth in *Rodgers, supra.*

*4. Disposition*

The judgments of the trial court are reversed and the garnishment proceedings are remanded with instructions to determine the amount due appellant-defendant Linda Sue Kennedy, n/k/a Wilhelm, in St. Louis County Circuit Court, Cause No. G–24035 as of the date of the issuance of the execution therein (*Pflanz v. Pflanz,* 237 Mo.App. 873, 177 S.W.2d 631, 636[9] (1944)) and the amount due said appellant-defendant in St. Louis County Circuit Court, Cause No. G–24703 as of the date of the issuance of the execution therein but subsequent to the date of the execution in Cause No. G–24035. Said amounts shall be computed by deducting all amounts paid to defendant from the child support payments awarded her in the sum of $42 per week by order of the St. Louis County Circuit Court in Cause No. 332080.

GUNN, P. J., and KELLY, J., concur.