Ina LIEFFRING, Appellant,

v.

William E. LIEFFRING, Respondent.

No. WD 32245.

Missouri Court of Appeals,
Western District.

Sept. 29, 1981.

---

Michael A. Insco, Pros. Atty., St. Joseph by Dean A. Davidson, St. Joseph, for appellant.

Thomas L. Duty, St. Joseph, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

In a proceeding to enforce payment of past due child support, the former husband, respondent, claimed credit on the judgment for equivalent support furnished in kind while the children were in respondent's household. The trial court allowed partial credit on the delinquency, ordered execution for the balance and the former wife appeals.

The divorce decree was entered in this case June, 15, 1970, and awarded custody of two children to appellant. Respondent was ordered to pay $40.00 per week child support and was granted visitation "at all reasonable and proper times." By 1979 when this phase of the case was initiated, support arrearage of $3660.00 had accumulated. Respondent did not dispute the calculation of unpaid cash support, but at the hearing in August 1980, he offered evidence that during the period from 1976 to that date the children had lived in respondent's home by appellant's agreement and for her accommodation twenty to thirty consecutive days at a time, more than five months in 1976, six months in 1978 and for lesser times in the other years. Respondent's claim for credit was based on the value of food, clothing, shelter and incidental expenses supplied the children while in his care.

The trial court found that respondent had physical custody of the children an aggregate of 86 weeks from 1976 to 1980, but deducted 34 weeks as an arbitrary assessment of time the children would have been present in respondent's home for normal visitation. As to the balance of 52 weeks, the court ordered the judgment credited for $2080.00 representing actual support furnished in lieu of cash payments. It is this credit which appellant claims was in error.

In two points on this appeal, the former wife contends that the mandated credit was erroneous because (a) there was no evidence of compelling circumstances or that appellant consented to the substituted form of payment and (b) the assumption that normal visitation accounted for one day per week of physical custody in respondent was an unauthorized, retroactive modification.

Generally, no credit is allowable for child support except by payment to the custodial parent as ordered in the decree or as subsequently modified. *Royall v. Legislation and Policy Division*, 610 S.W.2d 377, 379 (Mo.App.1980). The basis for this rule is that the custodial parent has the privilege and responsibility to determine how the monies awarded for support are to be spent. *Stemme v. Stemme*, 351 S.W.2d 823, 825 (Mo.App.1961). An exception is made, however, where compulsion of circumstances requires direct expenditures by the non-custodial parent. On equitable considerations, credit is given for expenditures which constitute substantial compliance with the spirit and intent of the decree. *Steckler v. Steckler*, 293 S.W.2d 129, 134 (Mo.App. 1956). Whether credit should be given also

depends on express or implied consent of the custodial parent to the substituted payment method. *Meyer v. Meyer,* 493 S.W.2d 42, 45 (Mo.App.1973).

■ There was substantial evidence in this case from which the trial court could have found both compelling circumstances and appellant's acquiescence. In 1978, appellant lost her own home by a fire in which a son, apparently born of another marriage, was killed. For a period of time thereafter, appellant was mentally ill and was hospitalized. The necessity for respondent to care for the children then was manifest. On other occasions, appellant would appear at respondent's home with little or no notice and leave the children for extended periods without extra clothing. There was some evidence that when appellant left the children for a month, she expressly agreed "to let the child support go." A telling circumstance was the extended period of time involved. Respondent had actual custody well over one-third of the four and one-half years under consideration. While appellant testified that she never agreed to a substituted arrangement and regularly demanded payment of the support accrued under the decree, the court was entitled to find otherwise by the inference of conduct. The order granting judgment credits to respondent rested on substantial evidence and was a correct application of the law.

■ Appellant next argues that calculation of one day per week as visitation does not conform to the judgment award of "reasonable" visitation, a term readily encompassing a longer period. By limiting visitation in this respect, the court engrafted a modification upon the decree which, appellant says, cannot be accomplished retroactively. Consistent with this argument, it must be assumed that appellant contends the time the children were with respondent was no more than reasonable visitation for which no support credit was due.

No rational basis exists to conclude that the time span here was the visitation contemplated by the decree. Conversely, it is evident that a portion of the time should be allotted to visitation which respondent was entitled to enjoy by agreement between the parties and for which no support credit may be claimed. Appellant is mistaken in characterizing the court's order as a modification. In the face of the disagreement with which the trial judge was confronted, he adopted a formula providing partial support credit for the time respondent had actual custody of the children. This result arguably was in substantial compliance with the spirit and intent of the decree, *Steckler v. Steckler, supra,* and was tailored to the particular circumstances of this case.

Appellant's concern that this disposition, if permitted to stand, will deprive custodial parents of child support based on a retrospective evaluation of reasonable visitation is unwarranted. It is not enough that the non-custodial parent prove extended physical custody. Credits depend also on establishment of direct support provided under the compulsion of circumstances or with the express or implied consent of the custodial parent. It is only when one or both of these conditions appear that a necessity arises to assign a specific time to reasonable visitation.

The judgment is affirmed.

All concur.