Augustine E. MACKEY, Appellant,

v.

MACKEY AND ASSOCIATES, INC., a
corporation, Garnishee,

and

Eugene J. Mackey, III, Respondent.

No. 48125.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 24, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 18, 1984.

Ellen F. Watkins, Clayton, for appellant.

Harry B. Wilson, St. Louis, for respondent.

REINHARD, Judge.

Wife appeals from an order partially quashing a garnishment for unpaid child support. We find merit to her appeal and reverse.

In April, 1982, husband and wife were separated and a petition for dissolution was filed. Husband is an architect and president of Mackey and Associates, earning a salary of $120,000.00 per year. In 1981, he reported a gross income of $203,656.00. Wife is not employed. Wife retained custody of their four children, Elizabeth, Augustine, Eugene and Phillip. At the time of the separation, husband agreed to give wife one-half of his monthly check and pay for the children's private schools.

In June, 1982, wife filed a motion for maintenance and child support pendente lite. She requested $3,000 per month maintenance and $600 support for each child per month. In her income statement submitted for the hearing on her motion, wife listed as one of her expenses the educational costs of the children. Husband also listed the educational expenses of the children on his income and expense statement filed with the court. At that time three of the children were attending private schools by agreement of both parties. Evidence at the hearing established that it was the desire of husband and wife that the children continue their education in the private schools they were attending. In September, 1982, the trial court awarded temporary custody of the children to wife and awarded her $2,750 maintenance, $500 child support each for Eugene and Phillip and $250 each for Elizabeth and Augustine, a total of $4,250 per month.

Eugene was enrolled in DeSmet where he had been for three years. Phillip was enrolled in Country Day. Before the hearing on the motion for temporary allowances, Tina had enrolled at Texas Christian University. Tuition, room and board at T.C.U. was approximately $9,000.00 per year. Husband agreed with Tina and his wife that he would be responsible for Tina's tuition. The record is not clear as to the yearly expenses for Country Day and DeSmet. However, it would appear from the testimony and the income and expense statement that the combined yearly expenses for the two schools is approximately $6,000.00.

On October 9, 1982, husband paid $1,000.00 to T.C.U. and on November 2, $500.00. On November 8, 1982, he paid $387.50 to DeSmet. In January, 1983, Tina attempted to pre-register for the second semester. Her registration was refused because the first semester's tuition was overdue. Tina called her mother upset that she was denied enrollment. Wife, in turn, called husband and demanded he take care of the tuition. To resolve this crisis, husband wired the tuition money to Tina. Husband testified that wife subsequently refused to pay the tuition for Eugene and Phillip, although she did agree that the children should remain in private schools. In January tuition for the boys became overdue, and additional payments were required for Tina's college tuition.

Husband thereafter made the tuition payments for the three children, and commencing in March, 1983, deducted $650 from the child support payments as a credit. Husband testified that although he believed he was entitled to credit, he did not believe he was entitled to credit, dollar for dollar for the educational payments.

Wife filed a garnishment against husband and recovered $1,708.69. In June, 1982, wife filed the garnishment which is presently before us, alleging husband owed her $6,941.31 plus interest for support, maintenance and attorney's fees. Husband filed a motion to partially quash the garnishment. He concedes the attorney's fees are owed. However, he claims a credit of $4,150 against the child support owed because he has made direct payments for tuition to the private schools his children attend.

The hearing was conducted by a different judge than the one who entered the temporary order. After hearing the evidence, the trial court found that wife was obligated to pay the educational expenses of the children and that husband's payments were made under compulsion of circumstances and were within the spirit of the order. The court, therefore, concluded that husband was entitled to credit for his child support payments and ordered the garnishment quashed in the amount of $4,150.00.

Wife appeals from this order. The order of the trial court will be affirmed unless there is no substantial evidence to support it; it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

On appeal, wife contends that husband was not entitled to a credit for payments made to third parties. It is the general rule that when a husband is required by a court order to pay to wife money for the support of their children accrued and unpaid installments become judgments in favor of the wife and the husband cannot claim as credits on said payments made directly to the children or directly to others, except where such payments are made with the express or implied consent of the wife, or where compulsion of circumstances makes necessary such course of action. *Stemme v. Stemme*, 351 S.W.2d 823, 825 (Mo.App.1961). Under this latter exception and based on equitable considerations, credit is given for expenditures which constitute a substantial compliance with the spirit and intent of the decree. *Lieffring v. Lieffring*, 622 S.W.2d 519, 520 (Mo.App.1981). However, this latter exception has only been recognized in cases involving a decree of final dissolution. We have found no cases applying this exception in cases of a temporary allowance. We need not resolve whether such an exception exists in a case of a temporary allowance, because we have concluded the trial court erred in holding that wife was required to pay the private educational ex-

penses of the children under the temporary decree.

A temporary award is just that—temporary—intended to maintain the status quo pending final judgment. *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 683 (Mo.App. 1982). Moreover, we note that voluntary payments of a husband for the support of his children may be considered in determining the reasonableness of a temporary order of support. *Knauss v. Knauss*, 425 S.W.2d 713, 717 (Mo.App.1968).

The parties were in agreement that the children were to attend private schools. Wife was not employed. Husband was earning a lucrative and substantial salary. At the time of the motion for temporary allowances, husband was paying the educational expenses of the children and had expressly agreed to pay the T.C.U. tuition for Tina. After the entry of the order for temporary support, husband continued to make payments to the schools. He made a partial payment to T.C.U. on October 9 and again on November 2. He also made a partial payment of the tuition at DeSmet in November. Husband's payments in the circumstances of this case, merely preserved the status quo pending a final decree. The expenses for the private schools was over $15,000.00 per year. Wife was granted $15,000.00 per year in child support for the children attending private schools. The trial court's determination that wife was obligated to pay the private educational expenses from these funds is against the logic of the circumstances.

We have concluded that the trial court erred in quashing the garnishment.

Reversed.

KAROHL, P.J., and CRIST, J., concur.