**Donald Charles ANDERSON,
Plaintiff-Respondent,**

v.

**Shirley Jean ANDERSON, (now DeGregorio), Defendant-Appellant.**

No. 48153.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 22, 1985.

Grove Sweet, St. Louis, for defendant-appellant.

Sanford J. Miller, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from an order quashing the execution and garnishment for unpaid child support and from an order modifying husband's obligation to pay child support. We affirm.

On September 14, 1979, the marriage of appellant, Shirley Jean Anderson and re-

spondent, Donald Charles Anderson, was dissolved. Care and custody of the couple's seventeen year old child, Vicky, was awarded to appellant. Respondent was ordered to pay $35.00 per week child support. At the time of the entry of the original decree, the parties stipulated that appellant was to continue to occupy the marital home with the child through June, 1981.

Respondent reoccupied the home in July, 1981. The child continued to stay in the home until July, 1983. Respondent ceased making child support payments during the period in which the child occupied his home.

On July 5, 1983, appellant sought execution on her child support judgment. Respondent filed a Motion to Quash Execution and Garnishment and a Motion to Modify Child Support. On the basis of the foregoing facts, the trial court concluded:

    1. That the child had not at any time been emancipated but at all times remained in the legal custody of wife.

    2. That the husband in the furnishing of the room and making available provisions, provided the child with the value of at least equal to the $35.00 per week child support, so that it would be "inequitable" to permit wife to recover the unpaid support, and,

    3. That since the child had part time employment the award for child support was excessive.

Based upon those conclusions, the court quashed the execution and garnishment for unpaid child support and modified the decree to reduce respondent's obligation to pay child support from $35.00 to $32.50.

Appellant raises one point on appeal. Appellant contends the trial court erred in granting respondent's motion to quash execution and garnishment for the reason that the past child support constituted a debt owed by respondent to appellant which appellant had not consented could be paid by any means other than as specified in the decree. Appellant does not appeal the trial court's order modifying respondent's future child support obligations.

    Generally, no credit is allowed for support paid other than as ordered by a divorce decree. *Royall v. Legislation and Policy Division,* 610 S.W.2d 377, 379 (Mo. App.1980). The basis for this rule is that the custodial parent has the privilege and responsibility to determine how the monies awarded for support are to be spent. *Lieffring v. Lieffring,* 622 S.W.2d 519, 520 (Mo.App.1981). However, equitable exceptions to this rule allow the father credit for direct support provided to the children with the express or implied consent of their mother. *Stemme v. Stemme,* 351 S.W.2d 823, 825 (Mo.App.1961).

    In the case at bar, there was substantial evidence in which the trial court could have found appellant's acquiesence.

Appellant expressly gave her consent to the minor child to reside with respondent. Appellant testified it was for the child's benefit that she permitted her to continue living in the marital home. Additionally, during the two years the child was living with respondent, appellant never requested support payments. The order granting judgment credits to respondent rested on substantial evidence and was a correct application of law.

The judgment is affirmed.

GAERTNER and KAROHL, JJ., concur.