**In re the Marriage of Cynthia HANSEN, Petitioner-Appellant,**

v.

**James HANSEN, Respondent-Respondent.**

**No. 52310.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 4, 1987.

Stephen C. Banton, Manchester, for petitioner-appellant.

Kevin R. Kelly, Florissant, for respondent-respondent.

KAROHL, Judge.

In this garnishment proceeding former wife, garnishor, appeals from an order of the trial court which overruled motion of former husband, as garnishee, to quash garnishment for unpaid child support. Former wife sought unpaid child support for the children under a PDL award entered on March 27, 1984 in a pending dissolution proceeding filed by former wife. On November 6, 1985 the Juvenile Court entered an order terminating child support payments. Former wife appeals because the order overruling the motion contains a further order that she is entitled to support under the PDL order from the date of the

PDL order to December, 1984 for two of three children and to July, 1985 for the third child. She sought support for all three until the Juvenile Court terminated the order on November 6, 1985.

Former wife claims the order limiting her recovery is erroneous because: (a) the trial court had no jurisdiction to retroactively reduce former husband's obligation to pay on an existing judgment; and, (b) former husband's allegation of "payment" in his motion to quash was not supported by any evidence. We find the claim of "payment" is a matter of fact to be decided by the trial court and there was no evidence presented in support of husband's motion to quash. Accordingly, we reverse and remand for a factual hearing on former husband's claim. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The dispute between the parties on the question of PDL child support began when former husband filed an unverified motion to quash garnishment on a single allegation "[t]hat Respondent has in fact paid all sums due for said child support and is not indebted to Petitioner." The issue involves both a factual and a legal dispute. The question before the trial court was, during what period of time after the PDL was entered on March 27, 1984 was former husband and father obligated to pay child support to former wife under the PDL order?

Former wife answers the question by reference to the award of $80 per week for three children entered on March 27, 1984 and the date the order was terminated by the Juvenile Court on November 6, 1985. Former husband recognizes the date of the PDL, but claims "payment" of all sums due by reference to additional facts including the date he assumed actual custody of two of the children, December 26, 1984, and the date the third child was placed in a foster home by an order of the Juvenile Court, July 17, 1985.

The trial court adopted his argument and entered its order as if supported only as a question of law. The execution supported by the garnishment was for $8,203.94. By reference to the minutes of proceedings we learn the court ordered a payout to former wife of $1,467.25 from the registry of the court on August 19, 1986. Other than this sum the record fails to disclose what payments in cash, if any, were made by former husband to former wife under the PDL support order.

■ We first note that a PDL order is a temporary order, pending final decree. *Hibdon v. Hibdon*, 589 S.W.2d 646, 647–48 (Mo.App.1979); [decided prior to the current Dissolution of Marriage Statutes]. *Gross v. Gross*, 319 S.W.2d 880, 883 (Mo. App.1959). The award is authorized by Section 452.315.1 RSMo 1978. It is defined by that section to be a temporary award. The termination of the underlying dissolution proceeding terminates the award. In the present case dissolution was granted on March 11, 1985. In the dissolution decree no custody orders and no provisions for child support were made because these matters were previously certified to the Juvenile Court for determination. Section 211.051 RSMo 1982. If the garnishment attempted to attach funds for non-payment after the date of dissolution then, as a matter of law, it is ineffective beyond the date of dissolution.

We learn from the dissolution petition filed by former wife and the cross-petition for dissolution filed by former husband that the parties separated on August 10, 1983. At that time the three children involved were residing with their mother. Shannon, now eight years of age, resided with her mother, but her legal custody had been previously awarded to the Division of Family and Childrens' Services. The dissolution court transferred matters of custody and support to the Juvenile Court on October 19, 1984. Thereafter, the Juvenile Court awarded legal custody of Steven, now seven years of age, and Samuel, now four years of age, to the Division of Family and Childrens' Services. On December 26, 1984 former husband and father obtained actual custody of Steven and Samuel. At the time the execution and garnishment which led to the present litigation was filed, former wife and the mother of the three children did not have legal or actual custody of any of the children.

For the following reasons we conclude that the execution and garnishment by former wife is effective only as to monies owed during the time she had actual custody of the three children if, as a matter of fact, actual custody was transferred by her consent or by further order of court after the temporary order for child support was entered, but in no event beyond the date of dissolution of marriage of March 11, 1985. We further find the trial court may order a partial satisfaction of the child support judgment on the basis of evidence accepted by the court which supports a determination of "payment" by direct support with the consent of the mother or by new court order. Such order is not a retroactive reduction of a judgment for child support. The sums not paid accumulate, but are subject to a credit, if found due.

■ The general rule in Missouri is that a trial court is without jurisdiction to retroactively modify an existing decree. Section 452.370.1 RSMo Cum Supp. 1978; *Bopp v. Bopp*, 671 S.W.2d 348, 351 (Mo.App.1984). A father may, however, be allowed credit for payments to a mother when equitable and pursuant to an order of a final divorce decree. *Anderson v. Anderson*, 684 S.W.2d 942, 943 (Mo.App.1985). This equitable exception allows a father credit for direct support provided to the children with the express or implied consent of the mother. *Id.* If a wife acquiesces to the treatment of support payments from the father, he is entitled to credit for direct support of the children. *Meyer v. Meyer*, 493 S.W.2d 42, 45–46 (Mo.App.1973). A husband bears the burden of showing that the wife acquiesces to lack of support payments. *See, State Division of Family Services v. Willig*, 613 S.W.2d 705, 706 (Mo.App.1981).

■ On the present record former husband and father asserts "payment." The garnishment asserts non-payment. The record before the trial court is silent on the question of consent. No evidence was introduced to support a finding on this issue. Former husband offered no affidavit, stipulation or testimony before the trial court. There was no evidentiary hearing. Neither the trial court nor this court could determine the circumstances under which the actual custody of Samuel and Steven was transferred to respondent former husband. Nor was there any evidentiary basis for a finding that $80 per week was paid by former husband until the transfer of actual custody.

The record discloses that the Juvenile Court entered an order transferring actual custody of the third child, Shannon on July 17, 1985. Thereafter, none of the children resided with appellant mother and former wife.

On remand for hearing the trial court must consider that the temporary order terminated on the date of dissolution. Section 452.315.1 RSMo 1982; *Hibdon v. Hibdon*, 589 S.W.2d 646, 647–48 (Mo.App. 1979); *Gross v. Gross*, 319 S.W.2d 880, 883 (Mo.App.1959). The court may credit as "payment" direct support provided to the children with the express or implied consent of the mother as judgment creditor as decided in *Anderson* and *Meyer*. Such credits for payment are not retroactive amendment of the judgment. The trial court held in its order mother and former wife was entitled to support for Steven and Samuel until actual custody was transferred to their father in December, 1984. This would be true only if the transfer of actual custody was with her express or implied consent.

Former wife further argues that the PDL judgment was for the lump sum of $80 per week for three children and that respondent father is not entitled to any credit for direct support of two of the children if any of the children remained in her actual custody. Shannon remained in her actual custody until July 17, 1985 when the Juvenile Court altered the arrangement by order. Two decisions of the Western District support her view. *Parsley v. Parsley*, 563 S.W.2d 146, 147 (Mo.App. 1978) and *Otten v. Otten*, 632 S.W.2d 45, 48 (Mo.App.1982). In *Parsley*, the court found that a single weekly sum for two or more children is deemed by the courts to require payment of the entire sum until the youngest living child attains majority, or until the decree is otherwise prospectively

modified by court order. *Otten* adopted this view. These cases dealt with a final decree of dissolution and not with a PDL order. Respondent former husband argues that we are not bound by the decisions of the Western District. We find the decisions in the Western District sound on their facts. However, this case can be distinguished because the motion to quash does not depend upon retroactive modification of the temporary order. The defense is "payment" on the basis of either cash or cash combined with actual support. The motion to quash does not depend on a change in the judgment. It is based on a claim the judgment was satisfied by payment without any modification. The trial court can accept partial payment of a lump sum PDL award and determine a credit on the award without modifying the award if there is supporting evidence. A credit, based upon equitable principles recognized in *Anderson* and *Meyer* does not require a retroactive modification of the PDL judgment. The holding in *Anderson* recognized a credit for the cost of child support directly paid by a non-custodial parent may equal the amount awarded, so that it would be inequitable to permit a wife to recover unpaid support while the child was living with the father. *Anderson*, 684 S.W.2d at 943. In *Meyer*, we recognized a partial credit for past due support payments. The recognized basis was implied consent as to direct support of one of four children. The father was allowed a pro rata credit on a lump sum award. Applying the reasoning of these cases, if respondent can show that appellant consented or acquiesced to nonpayment while Samuel and Steven were in the actual custody of their father and directly supported by them then the court may determine and apply a credit.

No cases have been cited to this court and we find none applying credit for support payments in cases of temporary awards. *See, Mackey v. Mackey & Associates, Inc.*, 677 S.W.2d 349, 351 (Mo.App. 1984). [Consent was not given by garnishor.] However, we find no reason to distinguish and bar a credit for temporary awards. Temporary awards pending dissolution obligate a party to make support payments and are final, appealable judgments. *Zaegel v. Zaegel*, 697 S.W.2d 223, 224–225 (Mo.App.1985). There is no reason to allow a credit on a final dissolution decree and not permit a credit on temporary awards where both are child support orders and subject to the same equitable considerations.

We reverse and remand for an evidentiary hearing on the asserted ground of "payment" and an order not inconsistent with this opinion.

PUDLOWSKI, P.J., and CRANDALL, J., concur.