Jennifer MOORE,
Petitioner–Respondent,

v.

William James MOORE,
Respondent–Appellant.

No. 16635.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1990.

John R. Lewis, Mary Lou Martin, Law Offices of John R. Lewis, P.C., Springfield, for petitioner-respondent.

John S. Pratt, James R. Fossard, Pratt & Fossard, Springfield, for respondent-appellant.

PREWITT, Judge.

The marriage of the parties was dissolved by decree of June 12, 1986. A property settlement agreement signed by the parties was found conscionable and incorporated into the decree. It provided that appellant would pay respondent $350.00 per month maintenance commencing June 1, 1986, with the last payment September 1, 1989. On June 18, 1987, no maintenance had been paid and $4,550 was thus due.

On that date, respondent gave to appellant a document stating in full:

> I, Jennifer Moore, hereby relinquish any claim on the maintenance required by William J. Moore in our Divorce Decree and consider this debt ($4,500) to be paid in full as of June 18, 1987. This Agreement in no way affects the child support of Lauren Moore.
>
> /s/ Jennifer C. Moore
> Jennifer C. Moore
> June 18, 1987
> date
>
> $2,500 of this $(4,500) will be paid to a college fund for Lauren Moore.—/s/JM

Upon receipt of that document, appellant gave respondent a check payable to her in the amount of $4,500. Respondent testified that $500 of that amount was child support. Appellant said it was all for maintenance. On the back of the check the following was written:

> Cashing or deposit of this check ends any and all responsibility of Bill Moore to Jen Moore for maintenance. This check releases Bill Moore from any obligations (monetary or otherwise) aside from child support.

Respondent endorsed and cashed the check.

On October 13, 1988, appellant filed a motion to modify the dissolution decree, seeking to reduce the child support. Respondent then filed a counterclaim asking that the document she signed regarding maintenance be set aside. Among the reasons given for this was failure of consideration. Following a trial, the court found that the document was invalid for lack of consideration and further, the agreement contained in it was conditional and was to be of no effect if appellant sought to reduce child support.

Appellant contends that the trial court's findings that there was no consideration and that the agreement was conditional were erroneous. We do not reach the latter contention because we agree with the trial court that the document was ineffective for lack of consideration. In this non-jury case, we are to affirm the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless

it erroneously declares the law, or unless it erroneously applies the law." *Ennis v. McLaggan,* 608 S.W.2d 557, 563–564 (Mo. App.1980).

Appellant states that there was consideration because he gave up his right to file a motion to modify maintenance payments due after June of 1987, and there was a "bona fide basis" for him to be successful on such a motion. Even if we assume that appellant could have been successful, and respondent challenges appellant's right to have filed such a motion, this contention has no merit. There was no evidence that giving up this right was part of the agreement or that appellant had given up that right. He may not have filed a motion to modify, as he thought his obligation for maintenance was extinguished, but the agreement is to be considered as made, not as what the parties might have done had it not been made.

Consideration is generally said to be "some right, interest, profit or benefit accruing to one party, or some forebearance, loss or responsibility given, suffered or undertaken by the other". *Alaska Federal Savings & Loan Ass'n v. Hoffman,* 485 S.W.2d 118, 123 (Mo.App.1972). The payment of a part of an undisputed debt will not discharge the whole, even if expressly accepted for that purpose. *Ennis,* 608 S.W.2d at 562. See also *Grommet v. Grommet,* 714 S.W.2d 747 (Mo.App.1986); *Shapiro v. Shapiro,* 701 S.W.2d 205 (Mo. App.1985); *Kennedy v. Kennedy,* 575 S.W.2d 833, 835 (Mo.App.1978).

Appellant never gave up his right to file a motion to modify. Respondent received nothing from appellant in excess of what she was legally entitled to and at least $50 less. There was no consideration. Cf. also *Grommet v. Grommet,* 714 S.W.2d 747, 751 (Mo.App.1986). See also *Kennedy v. Kennedy,* 575 S.W.2d 833, 835–836 (Mo. App.1978).

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.