Patricia KARLESKINT, Appellant,

v.

John C. KARLESKINT, Respondent.

No. 39642.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 19, 1978.

Ellsworth W. Ginsberg, Clayton, for appellant.

Steven M. Hamburg, Summers & Compton, Clayton, for respondent.

REINHARD, Presiding Judge.

Plaintiff, Patricia Karleskint, appeals from an order of the Circuit Court entered August 26, 1977, quashing an execution and garnishment issued to the employer of her former husband, defendant, John Karleskint.

The parties were divorced on January 15, 1971. The divorce decree left title to the house and two automobiles to the defendant.

On November 26, 1976, the defendant filed a motion to modify the decree, claiming the plaintiff to be an unfit mother and requesting the custody of the children. The plaintiff filed a motion to dismiss husband's motion to modify based on defendant's failure to pay child support. In January of 1977, plaintiff requested execution and garnishment.

On April 19, 1977, a hearing was held on the motion to dismiss the motion to modify. On June 24, 1977, plaintiff again requested an execution and garnishment alleging that as of December 23, 1977, there was "due and owing from the Respondent to Petitioner the sum of $14,866.00" as and for child support. On July 14, 1977, defendant moved that the court quash the garnishment because "all or substantially all of the alleged indebtedness claimed by the Plaintiff has been paid or satisfied . . . ." The transcript shows that on August 26, 1977, the motion to quash garnishment was called, heard and submitted. The court sustained the motion and the plaintiff appeals.

■ On appeal, plaintiff contends the trial court erred in sustaining defendant's motion to quash garnishment because defendant failed to support his affirmative defenses with substantial evidence. In this court tried case we must sustain the decree of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

No evidence was presented on defendant's motion to quash, but the parties agree that we are to consider the evidence which they presented at plaintiff's motion to dismiss defendant's motion to modify.[1] At that hearing only the plaintiff presented evidence. She testified that defendant had

made no child support payments (other than four checks of $25.00 each); that in 1971 defendant transferred to her the title to the automobile she was driving at the time of the divorce, as well as his equity in one-half interest in their house; that in 1971 when she applied for welfare, the welfare department contacted defendant; that in 1973 she contacted an attorney relative to the defendant's non-payment of child support and that he wrote defendant; that seven months before defendant filed his motion to modify, she and her second husband requested that defendant move into their home, which he did; that during that time defendant acted as a live-in babysitter for the children (but plaintiff also testified that such action by defendant was not in consideration of forgetting past due child support payments); and that from 1973 to 1977 she made no effort to collect support payments.

■ The defendant had the burden of proving his pleaded affirmative defenses of payment or satisfaction. *Stringer v. Reed*, 544 S.W.2d 69, 73 (Mo.App.1976).

In his brief on appeal, the defendant submits that the trial court can be sustained on either of two theories, his first theory being based on an agreed compromise and settlement for adequate consideration of past due child support payments. However, in oral argument before this court defendant admitted that the record contains no evidence of agreement, but claimed the trial court can be sustained on a theory of acquiescence. Defendant submits that the plaintiff acquiesced in his failure to remit child support payments as they became due and thereby waived the right to enforce payment.

■ That waiver by acquiescence may be interposed as a defense to an action brought by wife for arrearages in alimony or past due child support has been recognized in many jurisdictions. 24 Am.Jur.2d, Divorce and Separation § 719; 137 A.L.R. 884, 897–899 (1942) *supplemented by* 70 A.L.R.2d

---

1. The same judge who quashed the garnishment also heard the plaintiff's motion to dismiss defendant's motion to modify. The record fails to indicate whether the parties stipulated that the trial judge consider the evidence produced at the hearing on the motion to modify.

1250, 1279–1283 (1960). Missouri has adopted the rule. *Rodgers v. Rodgers*, 505 S.W.2d 138, 145 (Mo.App.1974).

▮ Waiver is also an affirmative defense which if not pleaded, presented, or passed on in the trial court, cannot be presented for the first time on appeal. *Ehrle v. Bank Bldg. & Equip. Corp. of America*, 530 S.W.2d 482, 491 (Mo.App. 1974). Defendant failed to raise the defense of waiver in his motion to quash the garnishment and, unlike *Rodgers*, defendant failed to testify and present any evidence to substantiate this defense. He argues that the trial court's judgment can be sustained on the testimony of the wife in the motion to modify proceedings. Standing alone, her testimony is insufficient to sustain the defense of waiver by acquiescence.

The order to quash the garnishment is not supported by substantial evidence and therefore must be reversed. See *Bonadonna v. Bonadonna*, 322 S.W.2d 925, 926 (Mo. 1959); *Cain v. Cain*, 546 S.W.2d 203 (Mo. App.1977). The order quashing the writ of execution is reversed and the cause remanded for further proceedings.

CLEMENS and GUNN, JJ., concur.