**Norma J. VINCENT, Appellant,**

v.

**Orval VINCENT, Jr., Respondent.**

No. 29972.

Missouri Court of Appeals, Western District.

June 29, 1979.

Stanley B. Cox, Sedalia, for appellant.

James T. Buckley, Brown & Buckley, Sedalia, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment quashing execution and garnishment issued to collect child support under divorce decree.

Appellant, Norma J. Vincent, was granted a divorce from respondent, Orval Vincent, Jr., on June 21, 1967. Appellant was awarded custody of two minor children, Daniel Lee and Steven Allan. Under the decree as modified on October 23, 1967, respondent was ordered to pay appellant $110 per month for child support.

The older of the two children became 21 and married in 1971. In March, 1974, appellant obtained execution and garnishment to enforce payment of child support then unpaid. The respondent was discharged from accrued child support payment, pursuant to stipulation filed September 17, 1974, upon payment to appellant of $570.00. The amount paid was based upon support payment of $55 per month.

Thereafter, respondent paid appellant $55 per month for child support. No action was taken to amend the decree fixing the obligation of respondent.

On October 11, 1977, a general execution issued for collection of $2,970 alleged due appellant for unpaid child support. Respondent moved to quash the execution and garnishment in aid thereof on the grounds that there was no money owed appellant. A hearing was held on the motion, with appellant as the sole witness. Her testimony established the facts as above recited. The trial court held that by accepting less than $110 per month from the date of the emancipation of the older child and by failing to seek execution from September 17, 1974, until October 4, 1977, appellant had acquiesced in and accepted reduced payments.

In this court, the parties agree that, inasmuch as the decree here ordered payment of $110 per month to appellant for child support, the obligation to pay that sum is not affected by the fact that one of the children involved had been emancipated. *Gordon v. Ary*, 358 S.W.2d 81, 83[1, 2] (Mo. App.1962). Respondent in the trial court and here relies upon appellant's acceptance of reduced payments for a period of years as "equities and circumstances" precluding her recovery of the full amount provided by the decree.

"That waiver by acquiescence may be interposed as a defense to an action brought by wife for arrearages in alimony or past due child support has been recognized in many jurisdictions. 24 Am.Jur.2d, Divorce and Separation § 719; 137 A.L.R. 884, 897–899 (1942) *supplemented* by 70 A.L.R.2d 1250, 1279–1283 (1960). Missouri has adopted the rule. *Rodgers v. Rodgers*, 505 S.W.2d 138, 145 (Mo.App.1974)." *Karleskint v. Karleskint*, 575 S.W.2d 845, 846–847[3] (Mo.App.1978).

However, standing alone, delay in demanding payment of child support or acceptance of a sum less than that owed does not preclude a claim for the full amount owed. *Hart v. Hart*, 539 S.W.2d 679, 682[7] (Mo.App.1976). Facts and circumstances such as present in *Meyer v. Meyer*, 493 S.W.2d 42 (Mo.App.1973), and *Rodgers v. Rodgers*, supra, and which were found to give rise to equitable considerations in favor of the parent obligated for support are not present in this case.

The fact that the emancipation of one of the children in this case might have provided a good ground for modification, favorably to respondent, of the support order does not give rise to equities which preclude appellant's enforcement of the decree. "Parties to a divorce proceeding may not inter se ignore or disregard proper orders of judicial tribunals. Adequate procedures are available to modify, as needed, judgments of courts to meet the changing condition of divorced parties." *Hart v. Hart,* supra, 539 S.W.2d at 682.

Judgment reversed and cause remanded with direction to overrule the motion to quash execution and garnishment.

All concur.