**Edna BUTTREY n/k/a Edna Snider, Appellant,**

v.

**Alfred BUTTREY, Respondent.**

**No. 43139.**

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1981.

A. W. Dieffenbach, Jr., Hillsboro, for appellant.

Joseph Cunningham, III, Festus, for respondent.

REINHARD, Judge.

This is an appeal from an order quashing, in part, an execution and garnishment issued to collect child support under a divorce decree.

Husband and wife were divorced on August 10, 1970. Custody of their five minor children was awarded to wife. Husband was ordered to pay $10 per week per child. He has not made any child support payments since 1971. Wife's affidavit alleged that he was in arrears in the amount of $15,900. On April 2, 1980, wife filed a petition for execution and garnishment against the employer of husband. Husband filed a motion to quash execution and garnishment alleging that wife acquiesced in the nonpayment. After a hearing, the court sustained part of husband's motion and found $2,095 remaining to be paid and denied interest on the judgment.

Wife testified that on February 26, 1971, four of the five children went to live with husband. Wife allowed this because the children wanted to live with him. Husband conceded that this was not a modification of the decree and that she still retained legal custody of them. Each of the children returned to live with wife after different lengths of time. The parties are in agreement as to the dates the children returned to her.

Wife originally claimed $15,900, an amount which includes payments which accrued while the children were living with husband. On appeal, she has abandoned her claim for those payments, and claims only those payments which accrued after the children had returned to her and before emancipation. This amount, she contends, is $5,530, excluding interest.

Her principal challenge to the judgment below is that the evidence is insufficient to support husband's defense of acquiescence in nonpayment. She also contends the court erred in its denial of interest.

The burden of sustaining the motion to quash rests on the movant. *Cervantes v. Cervantes*, 239 Mo.App. 932, 203 S.W.2d 143, 145 (1947). Past due child support owing to a former spouse pursuant to a court order constitutes a debt and can be settled or compromised by the parties if supported by adequate consideration. *Rodgers v. Rodgers*, 505 S.W.2d 138, 144 (Mo.App.1974). There is no evidence of any agreement to settle here.

This court has adopted the rule that the right to enforce support payments can be waived by acquiescence in nonpayment. *Rodgers v. Rodgers*, 505 S.W.2d at 145; *Karleskint v. Karleskint*, 575 S.W.2d 845, 846–47 (Mo.App.1978). There must be some evidence of acquiescence, however, for

mere delay in demanding payment of past due child support does not preclude a claim for the full amount. *Vincent v. Vincent*, 584 S.W.2d 152, 153 (Mo.App.1979). Except with respect to payments which accrued while the children were staying with their father, there is not a shred of evidence in the record to support husband's defense of waiver of acquiescence. Hence, under the standards announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), we reverse.

 Former section 408.040, RSMo 1969, and the present section 408.040, RSMo 1978, provide for allowance of interest on unpaid judgments. The court's failure to follow the statutes was error.

The court's order quashing a portion of the execution and failing to assess interest on the judgment is reversed and remanded.

CRIST, P. J., and SNYDER, J., concur.