**Betty Jean WEDEL, Appellant,**

v.

**Wayne Joseph WEDEL, Respondent.**

No. 43625.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 13, 1981.

David L. Baylard, Clayton, for appellant.

Harold E. Horsley, Jr., Valley Park, for respondent.

CRIST, Presiding Judge.

The marriage of appellant (mother) and respondent (father) was dissolved on June 5, 1974. The mother was given custody of the parties' two children and the father was ordered to pay child support of $25.00 per week for each child. The children remained with the mother for about two months, until August 1974, at which time the mother placed them with her mother and grandparents. The maternal grandmother and great-grandparents remained the children's sole source of care and support until the father obtained their custody in March 1979 through a modification of the dissolution decree. The children have ever since lived with the father.

The present case began in April 1980, when the mother sought a garnishment on execution to collect from the father a total of $10,425.00 as unpaid child support. The father moved to quash the execution and garnishment, primarily on the ground that he and the mother allegedly made a written agreement shortly before the 1979 decree modification under which the mother waived payment of all past due child support. That claim was not determined by the trial court, and is not pursued on this appeal. The father also alleged the mother's failure to reside with or financially support the children, to which we have already alluded. The trial court sustained the motion on the latter ground, holding that the mother had thereby waived her right to enforce the decree's child support provisions. The mother appeals. We review the order under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) which requires us to sustain the order "... unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. * * *" *Karleskint v. Karleskint*, 575 S.W.2d 845, 846 (Mo.App.1978). We reverse.

Our decision rests on familiar principles. First:

... Our courts have ... for a long time recognized that past due child support owing by the divorced husband to the former wife pursuant to a court order for child support and maintenance incorporated into the divorce decree constitutes a debt of the husband to the former wife ... and [accrued and unpaid installments] become judgments in favor of the former wife .... [authorities omitted]

*Rodgers v. Rodgers*, 505 S.W.2d 138, 144 (Mo.App.1974). Second, as the proponent of the notion that the mother waived her right to enforce her judgments, the father had the burden of both raising the issue in his motion to quash and proving it. *Karleskint v. Karleskint*, 575 S.W.2d at 847. And third, the facet of the "waiver" doctrine that the trial court employed, and which the pleading and proof must satisfy, is described in *Ehrle v. Bank Bldg. & Equip. Corp of America*, 530 S.W.2d 482, 489 (Mo.App.1975) as waiver implied by conduct:

> ... 'Waiver' is an intentional relinquishment of a known right, on the question of which the intention of the party charged with waiver is controlling and, if not shown by express declarations but implied by conduct, there must be a clear, unequivocal and decisive act of the party showing such purpose, and so consistent with the intention to waive that no other reasonable explanation is possible. [authorities omitted]

Assuming the father's motion to quash is sufficient to raise a waiver implied by conduct, the trial court's determination of his motion on that ground is not supported by substantial evidence. The mother's intention to forego all future child support payments and to forgive all unpaid installments does not necessarily follow from her placing the children in the care of others. Nor is her act of placing out the children so consistent with an intent to waive child support payments that there is no other possible explanation for it. Indeed, to the extent the evidence does support an explanation for her act, it is that she was unable to support the children without the child support payments from the father, and therefore sent the children to live with relatives.

The order quashing the execution and garnishment is reversed.

REINHARD and SNYDER, JJ., concur.