BARBARA, Respondent-Appellant,

v.

CHARLES, Appellant-Respondent.

Nos. 12336, 12363.

Missouri Court of Appeals,
Southern District,
Division Three.

March 31, 1982.

John Wm. Ringer, Powell & Ringer, Dexter, for respondent-appellant.

Donald Rhodes, Bloomfield, for appellant-respondent.

TITUS, Judge.

Charles and Barbara filed their separate motions to modify an October 27, 1980, dissolution of marriage decree. Barbara also had a general execution issued against Charles for alleged non-payment of child support. After Charles filed his "Motion to Quash Writ of Attachment and Execution And Garnishment" and issues had been joined on the dissolution motions, the trial court, with the consent of the parties, conducted a trial of all matters in dispute on May 28, 1981, and entered its "Decree of Modification" on June 4, 1981. Both Charles and Barbara appealed and the appeals have been consolidated for consideration by this court.

The second marriage of Charles and Barbara was dissolved October 27, 1980. These marriages produced four boys. The decree of dissolution, inter alia, gave Barbara principal custody of the boys and ordered Charles to pay her child support in the sum of $125 per month per child. On the 30th day after the decree was entered, Barbara married Tom. Because Barbara shortly thereafter experienced mental problems, Charles had actual custody of the four boys, with the exception of about a week, from the latter part of December 1980 to the latter part of January 1981 when Barbara resumed custody of the two younger boys. No child support payment was made to Barbara for January 1981 when Charles had actual custody of the four boys. Charles said he gave Barbara a $500 check therefor on January 5, 1981, but Barbara tore it up

because they had agreed to a reconciliation albeit Barbara was then married to Tom. At trial, presumably because of her mental plight in January 1981, Barbara disavowed all recollection of such a happening. From February through April 1981, Charles' monthly child support payments were $250 each month for the two boys in Barbara's custody. In May 1981, after the oldest boy returned to live with Barbara, Charles' monthly child support payments were increased to $375.

On March 31, 1981, when he had actual custody of the two older boys, Charles filed a motion to modify the October 1980 decree so as to give him legal custody of the two boys then in his care and to specify his visitation rights with the other boys. In April 1981 Barbara got out the aforementioned execution for unpaid child support payments and filed, on May 1, 1981, a cross-motion for modification of the dissolution decree as to visitation, increased child support payments, etc. The issues were first set for trial on May 22, 1981, and on the eve thereof, Charles married Kathy.

Among other things, the modification decree overruled Charles' motion to quash the execution and garnishment, gave Barbara custody of the three boys then in her care and awarded custody of the fourth boy to Charles. The decree also increased child support payments to be made by Charles to $150 per month per child and detailed the visitation rights of the parents with the children. Charles complains on appeal that the court erred in holding him liable for child support payments during periods when the children were in his actual custody and by increasing child support payments. On appeal Barbara contends the court erred in awarding custody of the one boy to Charles and in granting him custody of all four children from July 13 through August 24 of each year.

■ Past due payments owing by the divorced father to the divorced wife pursuant to court decree for child support and incorporated into the dissolution decree, constitute a debt of the father to his former wife so that accrued and unpaid install- ments become judgments in favor of the former wife. When the father asseverates the mother has waived her right to enforce her judgments, the father has the burden of raising the issue both in his motion to quash and by proving it. "Waiver" contemplates an intentional relinquishment of a known right. The intention of the party charged with waiver is controlling and if not shown by express declarations but is to be implied from conduct, there must be a clear, decisive and unequivocal act of the party evidencing such purpose and so consistent with the intention to waive that no other reasonable explanation is possible. *Wedel v. Wedel*, 624 S.W.2d 869, 870 (Mo.App.1981).

The sole reason stated in Charles' motion to quash as to why, except for January 1981, he should be excused from making child support payments was that he should not be liable for such payments for the children when they were in his actual custody. Only as to January 1981 child support payments does the motion allege that Barbara "agreed [Charles] did not owe child support for the month of January as he had custody of the children for practically the entire month." Consequently, the lone issue raised by Charles' motion to quash was whether Barbara waived the January 1981 payments by express declarations.

■ As trier of the facts, the court nisi had leave to believe none, part or all of Charles' testimony [*Ozark Wood Industries, Inc. v. First National Bank of Doniphan*, 625 S.W.2d 651, 654[7] (Mo.App.1981)] and this is so even if Charles' oral testimony went uncontradicted. *Gee v. Gee*, 605 S.W.2d 815, 818[5] (Mo.App.1980); *Marriage of Baker*, 584 S.W.2d 449, 450[2] (Mo.App. 1979). The evidence herein is that Barbara, when she asked Charles to assume temporary control of the children in January 1981, was suffering from mental disorders. In our opinion, the trial court, from these facts, could have reasonably concluded that if Barbara made any such statements concerning child support payments attributed to her by Charles, they originated from delusions or psychic disorders. Indeed, Barbara's intention to forego and forgive any

unpaid child support payments does not necessarily follow from her placing the children in Charles' care during her illness. *Wedel v. Wedel*, supra, 624 S.W.2d at 870.

As to the balance of the points relied on raised in this appeal, we observe that as the judgment of the trial court is reviewable under Rule 73.01, V.A.M.R., is supported by substantial evidence, is not against the weight of the evidence [*Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)] that no error of law appears and that a protracted opinion would have no precedential value. The judgment of the trial court is affirmed. Rule 84.16(b), V.A.M.R.

Judgment affirmed.

MAUS, C. J., and FLANIGAN, J., concur.

BILLINGS, P. J., recused.