David W. GROMMET,
Plaintiff-Respondent,

v.

Mary L. GROMMET,
Defendant-Appellant.

No. 49792.

Missouri Court of Appeals,
Eastern District,
Division One.

June 17, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 16, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Robert S. Moss, St. Louis, for defendant-appellant.

Theodore S. Schechter, Frances M. Luehrman, Schechter & Watkins, Clayton, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Respondent David W. Grommet filed a motion to quash an execution and garnishment which had been issued at the request of appellant, Mary L. Grommet, to collect arrears in maintenance under a previous decree of dissolution. The trial court found that appellant acquiesced to payments less than those specified in the order of dissolution and quashed the garnishment with respect to the amounts allegedly in arrears after the date appellant expressed this acquiescence. Appellant seeks reversal contending the trial court's judgment is both against the weight of the evidence and is a misapplication of the law.

The marriage of the parties was dissolved in 1975. The decree provided for maintenance after June, 1978, in the amount of $300.00 per month. Respondent's payments were made sporadically and in varying amounts in 1979 and most of 1980. Respondent testified that in October, 1980 he called appellant and informed her that he would thereafter only be able to pay half of his obligation, $150.00 per month. According to respondent, appellant agreed to this lesser amount. Appellant, on the other hand, testified that she never agreed to the lesser payments. In fact, $150.00 per month was paid consistently by respondent after the date of the alleged agreement. Appellant accepted $150.00 per month without protest from November, 1980 until May, 1983, when she requested her attorney to write a letter seeking resumption of the original $300.00 per month obligation. Upon receipt of this letter, respondent contacted his attorney who subsequently filed a motion to modify. The court granted respondent's motion and ordered maintenance payments of $150.00 per month. No appeal was taken from this order and the modification is not at issue here.

After the order of modification, appellant filed an execution and garnishment in April, 1984, seeking arrearages in the amount of $10,509.26. Respondent filed a motion to quash the garnishment on the ground that the judgment had been fully paid and satisfied except for $600.00, which he conceded was still due. The motion was later amended, by leave of court, to allege that there had been an accord and satisfaction, compromise and settlement, waiver and/or waiver by acquiescence.

The trial court found that in 1979, $3,450.00 of the $3,600.00 maintenance due had been paid; the arrearage for 1979 thus amounted to $150.00. The trial court also found that $300.00 per month was due in 1980 through October. The court further found that appellant expressed her acquiescence to the $150.00 per month maintenance payments during her October, 1980 phone conversation with respondent. The court stated that such acquiescence amounted to an accord and satisfaction and that the maintenance due for 1980 was thus $3,300.00 ($300.00 per month through October; $150.00 per month thereafter), $1,575.00 of which had been paid, leaving an arrearage of $1,725.00 for 1980. Because of respondent's payments of $150.00 per month after October, 1980, no further arrearage was found.

■ Appellant contends the trial court's finding of acquiescence was against the weight of the evidence and that the finding that such acquiescence amounted to an accord and satisfaction was a misapplication of the law. Our review is governed by the well-known standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), to affirm the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Moreover, the trial court may "accept or reject all, part or none of the testimony" of any witness, and we defer to his assessment of credibility. *Dutton v. Dutton*, 668 S.W.2d 585, 589 (Mo. App.1984). Within these narrow parameters, we review the findings and conclusions of the trial court:

The court, being now duly advised of and having considered the premises, finds that subsequent to October 5, 1980, and in the same month, [appellant] acquiesced when [respondent] advised her that, in the future, he would only be able to pay One Hundred Fifty Dollars ($150.00) per month maintenance. Such acquiescence amounts to an accord and satisfaction and the [respondent] has sustained his burden by a preponderance of the evidence.

■ A thorough review of the testimony reflects support for the factual finding that appellant acquiesced in the reduced payment. Respondent testified that appellant expressly agreed to accept payments of $150.00 per month in October, 1980. Appellant denied making such an agreement. The trial court, as it was free to do, obviously accepted respondent's testimony and rejected that of appellant. This finding is inferentially supported by the evidence of respondent's consistent payments of $150.00 per month after October, 1980, and appellant's acceptance thereof without protest for 2½ years. Accordingly, we defer to the trial court's finding of fact and turn to its conclusions of law.

■ In holding that acquiescence in the reduction of payments amounted to an accord and satisfaction, the trial court erroneously declared the law. The agreement described by respondent related not to past due monthly payments but only to those coming due in the future. There can be no accord and satisfaction of a judgment which will accrue in the future. *Rodgers v. Rodgers*, 505 S.W.2d 138, 145 (Mo.App. 1974).

■ Respondent argues, however, that the conclusion of the trial court regarding accord and satisfaction is a "legal label" which is not determinative. Relying on the principle that a court-tried case should be affirmed if the judgment is correct on any theory, *Rosenblum v. Gibbons*, 685 S.W.2d 924, 927 (Mo.App.1984), he urges that we sustain the trial court's judgment on the basis of waiver by acquiescence.

The phrase "waiver by acquiescence" has appeared in recent years in virtually every opinion concerning motions to quash executions on judgments for periodic maintenance and child support. At first glance, it would appear that such cases have reached widely disparate results. A thorough review of the cases, however, discloses a consistent application of the concept limited to those cases in which particular facts warrant the invocation of equitable considerations in order to avoid a harsh and unjust result.

The cases frequently cited as the underlying basis for the concept of waiver by acquiescence are *Meyer v. Meyer*, 493 S.W.2d 42 (Mo.App.1973), and *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974). In *Meyer*, the rule that a father may not provide child support in any manner other than direct payments to the mother of the amounts ordered by the court was held subject to the exception that he should receive credit for payments made directly to the children, or to others for their benefit, provided such payments were made with the express or implied consent of the mother or under a compulsion of circumstances. 493 S.W.2d at 45. It is noteworthy that the exception was applied only to past due, not future, payments which were in fact made by the father, albeit not in conformity with the letter of the decree.

In *Rodgers*, a mother's agreement to forego past due child support in consideration of the father's signing of a consent for the adoption of the children by mother's new husband was held to be a valid settlement of the past due debt. The additional agreement by mother to forego future child support was found to be unenforceable as an invalid attempt by the parties to modify a judgment for child support without the prerequisite judicial consideration of the welfare of the children. However, the court noted the equitable considerations flowing from the facts that the mother had permitted the father to believe the adoption had been consummated, although it had not, for a period of four years, that by reason of this she had deprived him of

his rights of visitation, and that in reliance upon her tacit misrepresentation, father had liquidated the trust account he had set up for the children. Additionally, the mother admitted it was not really past due support she was seeking; rather, it was an increase in the original award so that she could meet the expenses of college education. In light of these circumstances, the court held that equitable considerations estopped the mother from changing the position she had maintained for so many years regarding past due support payments. The court affirmed the trial court's finding that the mother "had acquiesced in the [father's] failure to remit the child support payments as they became due and owing and that she thereby waived the right to enforce these payments...." *Rodgers*, 505 S.W.2d at 145. Although using the term "waiver," the court actually invoked the concept of equitable estoppel.

In *Hart v. Hart*, 539 S.W.2d 679 (Mo. App.1976), the trial court sustained a father's motion to quash an execution for unpaid child support on evidence of an agreement to discontinue support payments if the father would forego his visitation rights, wrongful removal of the child to California by the mother, and no demand for payment of support for two years. This court reversed, adhering to the general rule that the original court order may be neither ignored nor modified by the parties themselves. *Rodgers* was said to be "factually distinguishable." *Id.* at 682.

In *Kennedy v. Kennedy*, 575 S.W.2d 833 (Mo.App.1978), the trial court, citing *Rodgers*, ruled an agreement to reduce support payments was valid and enforceable. Again, this court reversed, holding *Rodgers* distinguishable on the facts. *Kennedy* is significant in that the opinion specifically rejects the notion that the foregoing of the right to file a motion to modify cannot be treated as consideration for an agreement to alter court ordered support payments, a contention asserted by respondent herein.

In *Karleskint v. Karleskint*, 575 S.W.2d 845 (Mo.App.1978), *Rodgers* is cited as authority for Missouri's adoption of the *rule*

that waiver by acquiescence may be interposed as a defense to an action brought by a wife for arrearages in alimony or child support. *Id.* at 846–47. Because such a defense was neither pleaded nor proven, the *Karleskint* court rejected the attempt to assert it for the first time on appeal. However, what had originated as an equitably necessary exception to the rule against enforcement of inter party extra judicial amendments of judgments was, by the language of the opinion, elevated to the status of a per se rule.

With foreseeable frequency waiver by acquiescence has been asserted by delinquent fathers and ex-husbands as a defense to proceedings seeking enforcement of judicial decrees. However, this assertion met with little success in the appellate courts. Finding either a lack of evidence of an agreement, express or implied, to accept lesser payments than judicially ordered or a lack of evidence of acquiescence therein, the defense was rejected in such cases as *Vincent v. Vincent*, 584 S.W.2d 152 (Mo.App.1979), *Penney v. White*, 594 S.W.2d 632 (Mo.App.1980), *Tudor v. Tudor*, 617 S.W.2d 610 (Mo.App.1981), *Buttrey v. Buttrey*, 622 S.W.2d 708 (Mo.App.1981), *Wedel v. Wedel*, 624 S.W.2d 869 (Mo.App. 1981), *Holt v. Holt*, 662 S.W.2d 578 (Mo. App.1983) and *Loveland v. Henry*, 700 S.W.2d 846 (Mo.App.1985). Perhaps based upon the two reasons for rejecting the defense expressed in these cases, respondent herein points to the trial court's finding of an express agreement plus appellant's acceptance of the reduced monthly payments for 2½ years without protest. He adopts a phrase from *DeMoranville v. Tetreault*, 654 S.W.2d 71, 73 (Mo.banc 1983), "acquiescence has been applied as a bar only in a rare instance where the parties have expressly agreed...." and argues that agreement plus acquiescence conclusively establishes the defense. We disagree.

We have indulged in this prolonged exploration of the background and development of the defense of waiver by acquiescence in order to demonstrate that respondent's argument constitutes an over-

simplification of the doctrine. The concept of waiver by acquiescence has its origin in equitable considerations. *Meyer v. Meyer, supra; Rodgers v. Rodgers, supra.* Despite the language of some of the cases mentioned above, application of the doctrine has been restricted to cases wherein circumstances over and beyond a mere express or implied agreement to accept reduced payments or a delay in demanding full payment exists. *See Haynes v. Haynes,* 648 S.W.2d 895 (Mo.App.1983) (agreement to accept reduced payments plus father's conveyance without consideration of his interests in a home supported quashing of execution for past due amounts); *State ex rel. Division of Family Services v. Ruble,* 684 S.W.2d 949 (Mo. App.1985) (two stipulations for reduced support were filed but not presented to the trial court and were held to estop the mother from seeking full payment of past due amounts, but were not binding upon her assignee); *Dablemont v. McMinn,* 691 S.W.2d 490, 491 (Mo.App.1985) (mother estopped to claim full payment on basis of written agreement, executed in the presence of counsel for both parties to accept lesser amount in return for father's agreement to forego visitation rights and 8 years of father's compliance and mother's acquiescence).

From these cases it can be seen that the defense denominated as waiver by acquiescence does not arise in the absence of some fact or circumstance which warrants the invocation of equitable considerations in order to avoid injustice. We find no such fact or circumstance here. The agreement found to exist by the trial court consisted of appellant's acceptance of what respondent said he would do. It was not a negotiated agreement in which both parties gave something of value; respondent gave nothing. Past due support constitutes a debt, which may not be fully satisfied in the absence of an agreement supported by a consideration. *Penney v. White,* 594 S.W.2d at 636. Delay alone does not preclude the demand for full payment. *Vincent v. Vincent,* 584 S.W.2d at 153. Respondent argues that waiver does not require consideration, citing *Brandtjen & Kluge v. Hunter,* 235 Mo.App. 909, 145 S.W.2d 1009, 1016 (1940). This argument misses the point. The concept called waiver by acquiescence is an equitable doctrine. We look, therefore, for some indicia of injustice such as a change in respondent's position induced by a misconception of the appellant's intent or the status of his court decreed obligation. No such misconception or reliance exists here. It was not he who was induced into a change of position, it was the appellant. Respondent seeks to invoke equitable principles not to protect himself from injustice, but to retain an undeserved windfall. Under the circumstances, invocation of equity is entirely inappropriate.

We are not unmindful of respondent's contention that most of the cases rejecting waiver by acquiescence involve child support rather than spousal maintenance and that the two should be afforded different treatment. We acknowledge that the courts' continuing concern for the best interests of children forms the primary basis for the prohibition of extra judicial agreements to modify child support, and that no similar concern arises regarding agreements between adults pertaining to maintenance. This distinction, however, does not confer power upon the parties to ignore the judgment solemnly recorded by the circuit court, as it cannot be said that fairness and conscionability of spousal maintenance is of no concern. The policy of this state as formulated by the General Assembly contemplates judicial consideration of seven relevant factors in determining the justness of an order of spousal maintenance. § 452.335.2, RSMo. 1978. A pre-dissolution agreement between the parties regarding maintenance is not binding upon the court if the court determines the agreement to be unconscionable. § 452.325.2, RSMo. 1978. Once the court has determined just maintenance or found the agreement to be conscionable, maintenance is to be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. § 452.370.-

**752**

1, RSMo. Cum.Supp.1984. The statutes subject private agreements made prior to dissolution to judicial scrutiny in order to avoid the potential for injustice resulting from coercive tactics or misrepresentation. Failure to require similar scrutiny of agreements made after the dissolution would thwart the legislative purpose of insuring the conscionability of maintenance agreements. Accordingly, respondent's forbearance from filing a motion to modify the terms of the dissolution decree, rather than being a legal consideration for appellant's acceptance of partial maintenance payments, is no more than an evasion of statutory requirements. The agreement found to exist by the trial court in the instant case was not formalized by submission to the court for modification of the decree. At law, it is an unenforceable agreement due to lack of consideration and, as demonstrated above, respondent is in no position to seek enforcement of the agreement based upon equitable considerations.

The original judgment stands of record. It constitutes a debt which may not be satisfied by part payment in the absence of an agreement supported by consideration or equitable considerations which may estop efforts to collect the debt. Neither of these circumstances exist here. Accordingly, we find the trial court misapplied the law and the order quashing the execution is reversed. The cause is remanded to the trial court for further proceedings.

SMITH and REINHARD, JJ., concur.