**Betty Jean COOPER, Plaintiff-Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Garnishee,**

and

**Terry Harliss Cooper, Defendant-Respondent.**

No. 52287.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 25, 1987.

William B. Haller, Clayton, for plaintiff-appellant.

William E. Albrecht, Clayton, for defendant-respondent.

REINHARD, Judge.

Mother appeals from the trial court's order partially quashing a garnishment for unpaid child support. We affirm.

The parties' marriage was dissolved in February 1984. Mother was awarded custody of the couple's two minor children, and father was ordered to pay child support totaling $120.00 per week. On or about July 9, 1986, mother filed a request for execution and garnishment alleging an unpaid balance of $960.00 for the period February 17, 1984, through July 10, 1986. Father moved to quash the execution and garnishment alleging that child support

payments he had made to wife, combined with tuition and health insurance premiums he had paid on behalf of the children, resulted in a credit balance in his favor.

At the hearing, father testified that, shortly after the divorce, he told mother that he would like to make the child support payments in installments of $240.00 twice a month because he was paid twice a month. He said mother told him "it would be fine as long as I would also go ahead and pick up the ___ if I would pick up the insurance on the kids plus pay for part of Jason's tuition." Father also said that, during the period in question, $612.00 had been deducted from his paychecks to provide health insurance for the children and that he had made Jason's tuition payments of $811.00 directly to the schools he attended. The parties agreed that father had made the $240.00 semi-monthly payments and the insurance and tuition payments but disagreed about the legal effect of those payments.

Father testified that the divorce decree did not require him to make the health insurance or tuition payments.[1] In her brief, mother virtually admits that father was under no legal obligation to pay the tuition and insurance premiums. Although mother testified, she made no denial of the agreement alleged by father.

Among the trial court's findings were the following:

2. There accrued on [the child support] decree from February 17, 1984, through July 10, 1986, the sum of ... $15,000.00.

3. Shortly after the decree of dissolution was entered, the parties orally agreed that [father] would pay [mother], as child support, the sum of ... $240.00 twice a month and that [father], in further satisfaction of his obligation to pay child support, would also pay the children's tuition at private schools and the premiums for health insurance for the children, the latter payments being acceptable to [mother] as child support.

1. The record before us does not contain a copy of the divorce decree. We therefore rely on the hearing transcript which contains testimony about the decree.

The court also found that father had paid $13,550.00 in child support by check to mother, $811.00 as private school tuition for Jason, and $612.00 in health insurance premiums for both children for a total of $14,973.00 in child support payments. The court ordered that father's motion to quash garnishment for the period February 17, 1984, through July 10, 1986, be sustained for amounts exceeding $27.00, the difference between the amount paid by father and the total amount due.[2]

In her sole point on appeal, mother contends:

> The court erred in finding that an agreement between the parties had been made concerning payment of tuition and insurance in lieu of cash child support; and even if there had been an agreement, the court erred in applying the agreement to modify child support future payments as this is clearly contrary to an established line of cases that at most allow credit for past due child support by agreement.

■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). On appeal of a court-tried case, the appellate court defers to the trial court's determination of factual issues. *In re Adoption of W.B.L.*, 681 S.W.2d 452, 455 (Mo. banc 1984). The evidence supports the trial court's finding that mother and father agreed to alter the method by which father was to pay his support obligation for the period in question. We note, however, that the trial court's finding is broader than the evidence in that the agreement covered only Jason's tuition.

■ We also conclude that the trial court did not erroneously declare or apply the law. It is the general rule that when a father is required by court order to pay the mother money to support their children,

accrued and unpaid installments become judgments in favor of the mother, and the father cannot claim as credits against the judgments payments made directly to the children or directly to others for the benefit of the children, except where such payments are made with the express or implied consent of the mother or where compulsion of circumstances makes them necessary. *Loveland v. Henry*, 700 S.W.2d 846, 851 (Mo.App.1985); *Mackey v. Mackey and Associates, Inc.* 677 S.W.2d 349, 351 (Mo.App. 1984); *Stemme v. Stemme*, 351 S.W.2d 823, 825 (Mo.App.1961). If a mother has been awarded custody of the children and the father has been ordered to make payments to her to support the children, the mother determines the manner in which the support payments are spent; the father has no right to alter the terms of the decree and dictate the method of furnishing support. *Stemme*, 351 S.W.2d at 825. Child support payments are for the benefit of the child and the parents are not authorized to settle or compromise future payments without judicial modification of the decree. *Foster v. Foster*, 703 S.W.2d 952,-954 (Mo.App.1986).

■ Here, the agreement that father could pay a portion of his child support obligation in the form of tuition and health insurance premium payments to third parties is embraced by the principle that such payments, made with the express consent of the mother, may be claimed as credits against a child support obligation. *Loveland*, 700 S.W.2d at 851; *Mackey*, 677 S.W.2d at 351; *Stemme*, 351 S.W.2d at 825. The agreement did not compromise future payments because mother and father did not agree to reduce payments; they agreed to change the method of payment. Thus, a judicial modification was not required.

The trial court's order is not contrary to our recent case of *Grommet v. Grommet*, 714 S.W.2d 747 (Mo.App.1986). In *Grommet*, the trial court found that the parties had agreed to reduce the amount of the

---

2. The court did not modify the original decree; father remained obligated under the decree to pay a total of $6,240.00 a year in child support. Pursuant to the parties' agreement, father was to pay $5,760.00 a year in semi-monthly installments. Under the agreement, the difference,

$480.00 a year, could be paid in the form of Jason's tuition or health insurance premiums for both children. Any payment of tuition or insurance premiums exceeding $480.00 a year could not be credited against the agreed-upon semi-monthly cash payments.

maintenance payments and quashed an execution and garnishment, concluding that the former wife's acquiescence in the reduced payments amounted to an accord and satisfaction. *Id.* at 748. We pointed out there can be no accord and satisfaction of a judgment that will accrue in the future, and, after a lengthy discussion of the defense of waiver by acquiescence, we held there was no waiver by acquiescence on the facts of that case. *Id.* at 751.

The case now before us involves neither an accord and satisfaction nor a waiver by acquiescence. Here we have an express agreement to change the method of payment and not to reduce the amount of the payments. Father did not have an obligation to provide for the medical care of the children and Jason's education; however, mother agreed to allow father to make the tuition and health insurance payments directly and be credited for them against the portion of his child support obligation that exceeded the semi-monthly $240.00 payments. This is permitted by the authorities cited above.

The trial court's ruling on the motion to quash was correct.

Judgment affirmed.[3]

SMITH, P.J., and DOWD, J., concur.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

**3.** Father's motion to dismiss the appeal is denied.