Leona Francis **MEYERS**, Respondent,

v.

George Arthur **SWAIN**, Appellant.

No. 15307.

Missouri Court of Appeals,
Southern District,
Division One.

April 20, 1988.

G.H. Terando, Poplar Bluff, for appellant.

Lawrence E. Wanner, Powell, Ringer and Bischof, Dexter, for respondent.

HOLSTEIN, Judge.

The trial court entered an order sustaining the respondent mother's motion to revive a judgment for child support which was not paid between August of 1977 and August of 1986.

The parties were formerly married and had one child. In a decree of dissolution entered in 1968, the child's custody was awarded to respondent. Under the decree, appellant was obliged to pay $50 per month as child support.

Appellant paid the monthly child support from June of 1968 through June of 1977. According to appellant, he was told by respondent in June of 1977 that she had remarried, did not need further child support, and that if the obligation to pay was causing a hardship, he did not have to pay. Appellant's second wife confirmed appellant's testimony, although she testified the discussion occurred in July of 1977. Appellant speculated that it was understood between the parties that his two weeks' annual visitation would be eliminated, although the subject was never really brought up in his discussions with respondent.

Respondent denies there was any discussion regarding a waiver of child support or visitation although she admits appellant stopped visiting the child regularly after June of 1977. Respondent attempted to obtain the assistance of the prosecutor's office in Indianapolis, Indiana, to collect back support in 1981 but was unsuccessful. The child has been emancipated since August of 1986. Only recently has respondent been financially able to hire counsel to bring the present action.

■ On appeal, appellant contends the trial court believed the parties had an agreement under which appellant was released from further child support obligations in return for his relinquishment of visitation rights. Whether the trial court believed that such agreement existed is purely a matter of conjecture, as neither party requested nor did the court include findings of fact or conclusions of law in its judgment. Where neither party requests findings of fact or conclusions of law and none are drafted by the court, all fact issues are deemed found in accordance with the results reached. Rule 73.01(a)(2); *Consumers Oil Co. v. Spiking*, 717 S.W.2d 245, 250 (Mo.App.1986). Conflicts in evidence are for the trial court to resolve and facts and all reasonable inferences must be taken in accord with the result reached by the trial court. *Arnett v. Johnson*, 689 S.W.2d 836, 838 (Mo.App.1985). The assumption that the trial court believed appellant's evidence and rejected respondent's is inconsistent with the result reached. The assumption must be rejected.

■ Even if the trial court believed appellant's testimony, agreements to settle or compromise future child support payments are unenforceable. *Holt v. Holt*, 662 S.W.2d 578, 580 (Mo.App.1983). Appellant admits this rule of law. However, he asserts that the particular facts of this case warrant invocation of the equitable doctrine of waiver by acquiescence. This doctrine is available as a defense in proceedings for the enforcement of accrued support to avoid a harsh or unjust result. *Sagos v. Sagos*, 729 S.W.2d 76, 79 (Mo.App.1987); *Dablemont v. McMinn*, 691 S.W.2d 490, 491 (Mo.App.1985). The sole point on appeal is that the trial court erred in failing to apply the doctrine in this case.

Appellate courts have been predictably chary in applying waiver of support by acquiescence when asserted by fathers who are delinquent in paying support. *Grommet v. Grommet*, 714 S.W.2d 747, 750 (Mo. App.1986). The courts' continuing concern for the welfare of children and the policy declared by the General Assembly that child support may be modified only upon a showing of a substantial and continuing change of circumstances so as to make the original decree unreasonable account for the reluctance on the part of appellate courts to recognize a waiver of child support. See § 452.370.1.

From the cases which are cited and thoroughly discussed in *Grommet*, we glean that the application of the doctrine of waiver by acquiescence has been restricted to cases where there has been a clear showing

of an agreement to reduce support,[1] coupled with a detrimental act or forbearance by the party obligated to provide support in reliance upon the agreement, acquiescence by the party entitled to receive the support and a harsh or unjust result if the agreement is not enforced. *Grommet, supra,* at 751.

In this case, appellant's testimony, if believed, does not conclusively establish that an agreement was reached upon which appellant was entitled to rely. The discussion testified to by appellant did not clearly indicate that respondent agreed that child support would be unconditionally and indefinitely suspended. By appellant's testimony, the child support payments were only to be suspended upon condition of the existence of a financial hardship. There was no evidence such hardship existed at any time. Viewed from the perspective of the result reached, the trial court may have found that what appellant considered to be an agreement was no more than an incidental discussion which occurred when respondent picked up the child after the visitation in June or July of 1977. The trial court may have believed that the discussion was limited to support payments then due or imminently payable and did not apply to all future support. Also persuasive of the absence of an agreement as to all future support is the failure to reduce the alleged agreement or any part thereof to writing, absence of any evidence of a discussion between the parties that appellant would forego visitation, and failure by appellant to seek modification of the decree of support at any time. Contrary to appellant's assertion, his failure to visit the child after stopping child support is not necessarily indicative of his reliance upon the alleged agreement. There are other less noble reasons for him avoiding contact with respondent and the child once he stopped paying support.

The order reviving the judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.

---

1. In *DeMoranville v. Tetreault,* 654 S.W.2d 71, 73 (Mo. banc 1983), the court, by way of *obiter dictum,* indicated that the doctrine of acquiescence has been applied only where the parties have expressly agreed to a reduction in support. *Grommet* suggests that the agreement to reduce support may be express or implied. We leave the resolution of this apparent conflict for a later determination.