**Tracy Hayes Meadors MORRISON, Respondent,**

v.

**Jerry D. MEADORS, Appellant.**

No. 19330.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 31, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 17, 1995.

Application to Transfer Denied
March 21, 1995.

James R. Sharp, Wear, Nelms & Sharp, Springfield, for appellant.

Charles B. Cowherd, Farrington & Curtis, P.C., Springfield, for respondent.

MONTGOMERY, Judge.

The marriage of Appellant Jerry D. Meadors and Respondent Tracy Hayes Meadors Morrison was dissolved in 1983. Respondent was awarded custody of the parties' three minor children. Appellant was ordered to pay $1300 per month lump sum as support for the children. In 1984, Appellant went into bankruptcy and discharged debts amounting to approximately $6.5 million.

In 1992, Appellant filed a motion to modify the amount of his child support obligation and also requested the court to determine the amount of his child support arrearages. In his motion, Appellant alleged that (1) in April 1984 the parties entered into an agreement where Respondent agreed to accept one-half of Appellant's child support obligation; (2) Respondent repeatedly acknowledged the existence of this agreement; and (3) Appellant acted in reliance upon the agreement to his detriment, in that, had the parties not entered into such agreement he would have earlier filed a motion to modify the child support order. Appellant asserted that, based upon the alleged agreement, he is in arrears in the amount of $19,140.

In her answer Respondent denied the allegation of changed circumstances and denied that she had ever agreed to accept one-half of Appellant's child support obligation in full satisfaction of Appellant's child support obligation.

The trial court found that the parties did not agree to a permanent reduction of child support payable to Respondent. The court found no waiver of the decretal amount of support since Respondent agreed only to a temporary reduction of support until Appellant's financial circumstances improved, with later repayment of the arrearage. Further, the court found that "there was no consideration for any agreement to reduce child support and that [Respondent] is not estopped under the doctrine of waiver by acquiescence because the only way in which [Appellant] changed his position was by electing not to file a motion to modify, which in and of itself would not create any injustice."

The court found Appellant in arrears on his child support, based upon the amount in the original decree, in the amount of $143,-133.90 including accrued interest. The court also held that there existed substantial and continuing change of circumstances justifying a reduction in the child support.

Appellant's sole point on appeal is:

I. The trial court erred in finding Father in arrears on his child support in the amount of $143,133.90 because the trial court's finding that Mother did not voluntarily acquiesce in April, 1984 to a permanent reduction of Father's child support obligation from $1,300.00 per month to $650.00 per month and that there was no consideration for that agreement was against the weight of the evidence in that:

A. Father went into bankruptcy in 1984 which discharged approximately $6.5 million worth of debts;

B. Father made no income from 1984 to 1989;

C. Both Mother and Father testified that there was an agreement between them concerning reducing Father's child support obligation in April, 1984 from $1,300.00 per month to $650.00 per month;

D. Father did everything within his power, including signing an innocent spouse affidavit, to hold Mother harmless on the parties' $60,000.00 federal tax deficiency debt to the Internal Revenue Service and was successful in doing so;

E. Mother made no attempts at collecting the alleged child support arrearage until after April, 1990 when Father approached Mother with his request to formalize their prior verbal agreement concerning child support despite the fact that during this period Mother was employed as a paralegal at the law firm of Shughart, Thomson & Kilroy in Kansas City, Missouri and was married to an attorney and should have been fully aware of her rights to collect the decretal amount of child support but did not do so;

F. That Father, in reliance on the April, 1984 agreement with Mother concerning the reduction of child support, did not seek a modification of his child support obligation, which almost certainly would have reduced his child support obligation below the agreed upon $650.00 per month figure, as evidenced by the fact that Father did not earn any income between 1984 and 1989 and minimal income thereafter;

G. That Father paid the college tuition of his two oldest daughters in reliance upon the April, 1984 agreement, despite the fact that Father was not obligated under the original decree to do so, to Mother's great benefit and Father's detriment; and

H. That the above stated facts make the trial court's finding that Mother did not voluntarily acquiesce in the April, 1984 agreement, and that Father's back child support arrearage is $143,133.90 inequitable.

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept as true the evidence and permissible inferences which may be drawn favorable to Respondent as the prevailing party in this case and disregard contradictory testimony. *Snowden v. Gaynor*, 710 S.W.2d 481, 483 (Mo.App. 1986).

The issue before us is whether the facts and circumstances of this case amount to a "waiver by acquiescence." We hold that the judgment of the trial court is not against the weight of the evidence. We will set aside a judgment on that ground only when we have a firm belief that the judgment is wrong. *Martin v. White*, 825 S.W.2d 379, 380 (Mo.App.1992). "Weight of the evidence" for purposes of deciding whether to set aside the trial court's judgment means weight in probative value, not quantity. *In re Marriage of Strobel*, 821 S.W.2d 579, 581 (Mo.App.1992).

Respondent testified that she agreed to accept half of Appellant's child support obligation temporarily while he reorganized his business with the understanding that he would later make up the payments. The trial court was free to believe her testimony concerning the alleged agreement and disbelieve Appellant's contrary testimony. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). Contrary to Appellant's testimony,

the trial court found that there was no agreement between the parties to permanently reduce Appellant's child support obligation and, in any event, Appellant did not rely to his detriment on any perceived agreement between the parties.

■ Appellant relies on the doctrine of waiver by acquiescence to support his contention that Respondent agreed to a permanent reduction of child support and he relied thereon to his detriment. This equitable doctrine was thoroughly analyzed in *Grommet v. Grommet*, 714 S.W.2d 747 (Mo.App. 1986), after a review of numerous cases on the subject. According to *Grommet:*

> The concept of waiver by acquiescence has its origin in equitable considerations.... [A]pplication of the doctrine has been restricted to cases wherein circumstances over and beyond a mere express or implied agreement to accept reduced payments or a delay in demanding full payment exists....
>
> ... [T]he defense denominated as waiver by acquiescence does not arise in the absence of some fact or circumstance which warrants the invocation of equitable considerations in order to avoid injustice.

*Id.* at 751 (citations omitted).

An example of the application of this doctrine is found in *Sutton v. Schwartz*, 808 S.W.2d 15 (Mo.App.1991), a case relied upon by Appellant. There, six years after the parties were divorced, their eldest child moved away from the home of the mother, the custodial parent. The parties agreed that the decreed child support would be substantially reduced. The mother accepted the reduced sum for seven years; she then undertook to collect the difference between the decreed amount and the agreed amount. The trial court held that the mother waived the decreed amount by agreeing to and acquiescing in the lesser amount for seven years.

The appellate court said that an out-of-court agreement to change prospectively the amount of support due under a dissolution decree is unenforceable, and that parties wishing to make such an agreement enforceable must petition the court to change the terms of the decree. *Id.* at 18. However, the court also explained that past due payments of support constitute a debt which the obligee can compromise by an agreement supported by adequate consideration. *Id.*

*Sutton* also declared that circumstances may exist where a court may refuse to award the obligee the full amount of support due even absent a court-ordered modification or an agreement to compromise past due amounts. *Id.* Such refusal may occur when it would be unjust to permit the obligee to collect the full amount due. *Id.* The refusal is based upon a concept labeled "waiver by acquiescence," which is actually an application of the doctrine of equitable estoppel. *Id.* Relying on *Grommet*, the court said waiver by acquiescence may be found where the obligor changes his position to his detriment in reliance on a perceived agreement with the obligee. *Id.* at 19.

The trial court in *Sutton* found that the father paid "substantial excess amounts" of support during three of the seven years allegedly covered by the out-of-court agreement. These sums were paid directly to the mother and to one of the children, with the mother's consent, and were sufficient to offset the arrearage the mother claimed for that period. Therefore, the appellate court determined it would be unjust to allow the mother to collect all that was due under the decree, as it is reasonable to assume the father would have taken steps to have the excess amounts credited against his support arrearages had he known the mother planned to demand payment of the full decretal amount. *Id.* Because it would be unjust under the circumstances to hold the father liable for the full amount, *Sutton* held that the trial court did not err when it found waiver by agreement and acquiescence. *Id.*

■ The decisive facts in *Sutton* are not found in the present case. Here, Appellant never paid "substantial excess amounts" of child support during any time period after the 1984 alleged agreement. Consequently, Appellant could at best show, according to his calculations, he was in arrears almost $20,000 for the time period in question. Unlike *Sutton*, Appellant did not pay sufficient sums to Respondent or their children to offset the arrearage claimed for that period.

Viewing the evidence most favorably to Respondent, she agreed only to accept a

temporary reduction in child support payments on the condition of later repayment of the deficiency. She never agreed that the reduced payment was all the child support Appellant owed or that she would not demand the full amount of child support owed to her.

Applicable here is the following observation made in *Grommet,* 714 S.W.2d at 751 (citations omitted):

[This] was not a negotiated agreement in which both parties gave something of value; [the father] gave nothing.... Delay alone does not preclude the demand for full payment. [The father] argues that waiver does not require consideration. This argument misses the point. The concept called waiver by acquiescence is an equitable doctrine. We look, therefore, for some indicia of injustice such as a change in [the father's] position induced by a misconception of the [mother's] intent or the status of his court decreed obligation. No such misconception or reliance exists here. It was not he who was induced into a change of position, it was the [mother]. [The father] seeks to invoke equitable principles not to protect himself from injustice, but to retain an undeserved windfall. Under the circumstances, invocation of equity is entirely inappropriate.

■ Appellant argues that he did rely on the alleged agreement to his detriment because he did not seek a modification of his child support obligation. Foregoing the right to file a motion to modify does not constitute the detrimental reliance necessary to invoke the protection of waiver by acquiescence. *Ogden v. Henry,* 872 S.W.2d 608, 613 (Mo.App.1994).

■ Appellant argues that he further relied on the alleged agreement to his detriment in that Respondent made no attempt to collect the child support arrearage until after April 1990. To the contrary, the trial court believed that in 1988 and 1989 Respondent wrote letters to Appellant demanding payment of child support. The trial court apparently believed that Respondent did not pursue garnishments or other enforcement acts because Appellant claimed he had no income from 1984 through 1989. Delay in demand-ing payment of child support will not preclude a claim for the full amount owed. *Blackman v. Blackman,* 767 S.W.2d 54, 57 (Mo.App.1989).

■ Appellant also argues that he paid the college tuition of two of the parties' children in reliance upon the alleged agreement despite the fact that he was not obligated under the original divorce decree to do so. In addition, Appellant claimed that he "did all that he could" to hold Respondent harmless from a back federal income tax debt, including signing an innocent spouse affidavit. We find no indicia of injustice exists regarding these factors as to warrant the implication of equitable principles.

*In re Marriage of Fry,* 827 S.W.2d 772 (Mo.App.1992), is analogous to the present case. In *Fry,* the father was ordered to pay $65 per week lump sum as support for two minor children. After one of the children's emancipation the father reduced his child support payments to $32.50 per week. He made the reduced payments for approximately four years without the mother's objection. The trial court, relying on *Sutton,* found that the mother's claim was barred by the equitable defense of waiver by acquiescence. The appellate court held that the trial court erred as a matter of law by applying the doctrine of waiver by acquiescence because the evidence only showed that the mother accepted reduced payments without dispute. There was no evidence the mother agreed that the reduced amount was all the child support she was owed or that she agreed to demand no more. The court found that the important factors in *Sutton* did not apply in *Fry.*

In the instant case, the trial court found that Respondent did not agree to a permanent reduction of child support and found no detrimental reliance by Appellant even if there had been such an agreement. The record supports these findings. Appellant's point has no merit.

The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.