**Bella (Williams) CORNETT, Appellant,**

v.

**Richard Guy WILLIAMS, Respondent.**

**No. WD 50840.**

Missouri Court of Appeals,
Western District.

Oct. 31, 1995.

Cynthia McKenna, Lee's Summit, for appellant.

Teresa Hensley, Raymore, for respondent.

Before SPINDEN, P.J.; TURNAGE, Senior Judge, and SMART, J.

SMART, Judge.

This case involves a motion to revive a judgment for the payment of child support and maintenance, filed 20 years and 4 months after the judgment was rendered. Bella Cornett appeals from the trial court's order denying her motion to revive judgment and granting Richard Williams' motion to quash garnishment.

Judgment is reversed and remanded.

On August 23, 1974, Bella Cornett and Richard Williams were granted a dissolution of marriage. Two children were born during the marriage, Heather Marina, born March 4, 1971, and Megan Georgiann, born January 4, 1974. In the divorce decree, the trial court ordered Williams to pay $230.00 per month child support and $70.00 per month maintenance. The payments were to begin on August 23, 1974 and were to continue "each and every month until further order of the court. . . ." Williams never made a child support or maintenance payment.

On December 20, 1994, 20 years and 4 months after the marriage was dissolved, Cornett filed a motion for revival of judgment seeking to revive the judgment containing the order of child support and maintenance back to December 20, 1984. Several days later, Cornett also filed an application for income withholding to collect the maintenance arrearage of $13,468.00 and the child support arrearage of $29,027.15. On January 18, 1995, Plasma Alliance, Inc., Williams' employer, began withholding money from his wages to apply to the arrearage.

Before ruling on the motion to revive judgment, the trial court requested additional authority supporting the motion to revive. Cornett filed additional suggestions, and

Williams filed a response to the motion to revive. On January 27, 1995, the trial court entered its order denying Cornett's motion to revive, stating "Petitioner fails to show that payments of maintenance and or child support have been made." Cornett then filed a motion for reconsideration of the motion for revival of the judgment. Williams filed a motion to quash the garnishment. On March 6, 1995, the trial court granted Williams' motion to quash garnishment and denied Cornett's motion for reconsideration. Cornett appeals from both orders.

■ On appeal, Cornett argues that the trial court erroneously applied the law in this case. The trial court barred Cornett's motion to revive the judgment because no payments of maintenance or child support were ever made by Williams. Section 516.350, RSMo 1994,[1] entitled "Judgments presumed to be paid, when—presumption, how rebutted," provides:

1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, *except for any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time,* shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

2. *In any judgment, order, or decree awarding child support or maintenance,* each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982.

(Emphasis added). By barring Cornett's claim because no payments had ever been made by Williams on the judgment, the trial court was, in effect, proclaiming that the judgment was presumed paid. However, the statutory language set forth in § 516.350.2 does not require that payments be made on the judgment in order to collect child support and maintenance arrearages. Under the language of the statute, when a judgment is for the payment of child support or maintenance, each periodic payment has a ten year statute of limitations from the date it is due. Pursuant to § 516.350.2, Cornett was not prohibited from seeking maintenance and child support due her pursuant to the divorce decree for the ten years preceding this action. Thus, the trial court misapplied the law in ruling that Cornett was prohibited from reviving the judgment because no payment had ever been made on the judgment.

■ Relying on the principle that a court-tried case should be affirmed if the judgment is correct on any theory, *Grommet v. Grommet,* 714 S.W.2d 747, 749 (Mo.App. 1986), Williams urges that we sustain the trial court's judgment on the basis of "waiver by acquiescence," an equitable doctrine sometimes available as a defense in proceedings for the enforcement of accrued support to avoid a harsh or unjust result. *Id.* However, Williams did not raise this theory of defense to the trial court. Section 516.350 and Rule 74.09 both contemplate that all defenses and objections to revival be presented at the date set for showing cause why the judgment should not be revived. Likewise,

1. All statutory references are to RSMo 1994, unless otherwise indicated.

new grounds for quashing a garnishment cannot be urged on appeal of the order quashing the garnishment. *Karleskint v. Karleskint,* 575 S.W.2d 845, 847 (Mo.App. 1978). The grounds presented for quashing the garnishment are assumed to be the basis of the trial court's order. Williams did not raise the theory of waiver by acquiescence to the trial court, and he cannot raise it for the first time on appeal. We hold only that it cannot now be raised with regard to the order reviving the judgment, and it cannot be raised in *this* garnishment proceeding.

### Conclusion

Judgment is reversed and remanded to the trial court with instructions that the trial court enter its order reviving the judgment as of December 20, 1984 and reinstating the execution of garnishment. Questions relating to any other issues regarding enforcement rights may be handled by the trial court pursuant to appropriate motion.

All concur.