**STATE ex rel. DIVISION OF FAMILY SERVICES et al., Appellants,**

v.

**Wayne WILLIG, Respondent.**

No. 42924.

Missouri Court of Appeals, Eastern District, Division Three.

March 3, 1981.

Timothy J. Melenbrink, Union, Richard Huber, Div. of Family Services, Jefferson City, for appellants.

Gordon R. Upchurch, Union, for respondent.

REINHARD, Judge.

This is an appeal from an order quashing, in part, an execution and garnishment issued to collect child support under a divorce decree. Delores Ruby Willig (hereinafter referred to as "wife") and her assignee, State of Missouri, Division of Family Services (hereinafter referred to as "assignee") requested an execution and garnishment be issued against the employer of wife's former husband, defendant Wayne Willig (hereinafter referred to as "husband").

The husband and wife were divorced on December 5, 1972, at which time the divorce

court ordered husband to pay $50.00 per week for the support of their three minor children.

On February 25, 1974, wife applied for Aid to Families with Dependent Children (AFDC) from assignee. Her grant was approved on April 29, 1974 with payments to be retroactive to February 1974. Wife received AFDC payments from February 1974 to September 1979, at which time the children reached majority.

On November 2, 1977, wife made an assignment of all rights in court-ordered support for the children to State of Missouri, Division of Family Services. Execution and summons for garnishee were issued on November 18, 1979 for $9,944.00. On February 4, 1980, husband filed a motion to quash execution in which he alleged that wife had acquiesced in his nonpayment of child support payments. Wife and assignee countered with a motion to dismiss motion to quash execution filed on February 11, 1980.

The court held a hearing on the motions during which only the husband presented evidence, his evidence being his own testimony and that of the wife.

The trial court sustained in part husband's motion to quash execution finding that the husband had sustained his burden of proving wife's acquiescence in nonpayment of child support payments accruing prior to November 2, 1977, the date on which wife assigned her rights to assignee.[1] The trial court also found $3,448.99 remaining to be paid and ordered that execution issue in that amount.[2]

On appeal, wife and assignee complain that the trial court erred in ruling that she, being the custodial parent, had forgiven or waived amounts accruing prior to November 2, 1977 by implicitly acquiescing in non-

payment. She claims that the evidence was insufficient to support husband's theory of waiver by acquiescence.[3]

In this court-tried case, we must sustain the decree of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Missouri has adopted the rule that "waiver by acquiescence may be interposed as a defense to an action brought by wife for arrearages in alimony or past due child support ...." *Karleskint v. Karleskint*, 575 S.W.2d 845, 856 (Mo.App. 1978).

Subsequent to *Karleskint*, our Western brethren ruled in *Vincent v. Vincent*, 584 S.W.2d 152 (Mo.App. 1979): "[D]elay in demanding payment of child support or acceptance of a sum less than that owed does not preclude a claim for the full amount owed." *Id.* at 153.

We now examine the evidence recognizing that the defense of waiver by acquiescence is an affirmative defense and that the one asserting it must sustain the burden of proof.

Wife stated that she knew husband suffered from an illness for a period of time after the divorce. She further testified that she had not entered into a written or verbal agreement with husband that he not pay child support. In answer to a question as to her intent or desire with reference to any back child support, she replied: "I didn't expect to get any child support." Wife stated she went on welfare because she wasn't getting any child support. Further, she testified that since the divorce she had not asked her husband for any child

1. The assignment was made pursuant to § 208.-040, RSMo 1977.

2. The trial court concluded that because wife had acquiesced prior to November 2, 1977, the only support payments which assignee could recover were those accruing after the date of assignment and through September 18, 1979, the date of emancipation of the last minor child. After adding interest and deducting

lump sum amounts that husband had paid after the date of assignment, the trial court found $3,448.99 remaining due.

3. Husband complains that appellants' point is insufficient and that we should dismiss for failure to comply with Rule 84.04. Although wife's point relied on is not exemplary, it complies sufficiently with Rule 84.04 so as to provide us with a basis for review.

support payments. She had, however, requested that husband put in a new furnace and he complied with the request.

Husband testified that his wife had not made any demand on him for past-due child support payments. He stated he knew that she was receiving welfare payments because: "The welfare contacted me several times." He said that he was responsible for wife's house being painted, and had bought a new storm door and furnace for the house.

 Here, we are constrained to find that the above evidence was insufficient to sustain husband's burden of proof on his defense of waiver by acquiescence. While we have evidence of delay in requesting support and the wife's testimony that she didn't expect to get child support from the husband, the determining factor here is that the support that the husband owed was being paid by taxpayers through the Department of Welfare. The husband's testimony that he knew wife had been receiving welfare and that he had been contacted by the welfare department several times belies his contention that there was a waiver by acquiescence.[4] Therefore, the court's order quashing a portion of the execution must be reversed and the cause remanded for further proceedings.

CRIST, P. J., and SNYDER, J., concur.

---

4. Welfare payments are not the same as payments under the Social Security Act which, in some cases, can fulfill the obligation of child support. *See McClaskey v. McClaskey*, 543 S.W.2d 832 (Mo.App. 1976).