Dale E. DAVIS, Plaintiff,

v.

Neva K. THOMPSON (formerly Neva Kay Davis), Defendant-Respondent,

v.

CITY OF KANSAS CITY, Missouri, and Board of Trustees of the Firefighters Pension System, Garnishees-Appellants.

No. WD 32038.

Missouri Court of Appeals, Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1981.

Application to Transfer Denied Sept. 8, 1981.

Aaron A. Wilson, City Atty., S. B. Mumma, Asst. City Atty., Kansas City, for garnishees-appellants.

Donald L. Allen, Randy C. Morris, Lee's Summit, for defendant-respondent.

Before WASSERSTROM, C.J., and PRITCHARD and TURNAGE, JJ.

WASSERSTROM, Chief Judge.

A divorced wife filed this garnishment proceeding against the City and the Board of Trustees of the Firefighters Pension System to satisfy an accumulation of delinquent child support, asking that this be paid out of pension fund monies held by the garnishees for the benefit of the divorced husband. The trial court sustained the garnishment, and the garnishees appeal. We reverse.

Dale E. Davis and his wife (hereafter referred to as "the wife") were divorced on May 22, 1972, and Davis was ordered to pay child support. He failed to keep current on the child support payments, and from time to time there occurred garnishments, sequestrations and modifications of the support award.

On July 12, 1979, Davis resigned as city fireman after 16 years of service. Under Section A9.94 of the Kansas City Administrative Code, Davis was entitled to be paid on demand the amount of his accumulated contributions which came to $11,062.95. However, he was also entitled under Section A9.95 to waive the return of contributions and elect in lieu thereof to receive an annual pension to begin at age 50, which in his case would occur on July 13, 1987. Davis did so elect, and the election was approved by the trustees on July 25, 1979.

On August 16, 1979, the wife served a writ of sequestration upon the City for the purpose of having salary due applied to back child support. That writ was returned unsatisfied because of Davis's prior termi-

nation of employment. Thereupon the wife filed this garnishment on September 5, 1979, in an effort to satisfy out of pension funds the sum of approximately $4,200 delinquent child support. The trial court on August 5, 1980, ordered the amount of delinquency paid into court by the garnishees.

On this appeal, the garnishees challenge on several grounds the action of the trial court in sustaining the garnishment. It is only necessary, however, to discuss one of those grounds, which is dispositive of the appeal. This key point is that Davis did not have on September 5, 1979, and does not have now, any present right to the payment of any pension money which can be subjected to garnishment.[1]

The governing principle is that the right of a garnishing creditor against a garnishee cannot be greater than the right of the judgment debtor against the garnishee. *Geiwitz v. Geiwitz*, 473 S.W.2d 781 (Mo.App.1972); *Grimm v. Sinnett*, 567 S.W.2d 418 (Mo.App.1978); *Tom Houlihan Men's Wear v. Wilkerson*, 407 S.W.2d 58 (Mo.App.1966); *People's Savings Bank v. Hoppe, supra; Cook v. McCoy, supra; Brown v. Maguire's Real Estate Agency, supra.* Consistent with the cases cited, Section 525.260, RSMo 1978 provides: "Debts not yet due to the defendant may be attached, but no execution shall be awarded against the garnishee for debts until they shall become due."[2]

Although not challenging the foregoing rule, the wife seeks to sidestep its effect by arguing that Davis had a right to demand in cash $11,062.95 in July 1979, and that his election to take a deferred pension was in effect a fraudulent conveyance by defendant to hinder, delay and defeat the rights of the wife and their children. It is true that Missouri case law does permit the issue of fraudulent conveyance to be raised in garnishment proceedings. *Harrison v. Harrison*, 417 S.W.2d 39 (Mo.App.1967) and cases there cited. Nevertheless, the wife's argument fails because the evidence in this case does not show a fraudulent conveyance.

Passing over the consideration that Davis was under no compulsion to resign and also assuming that he was motivated by fraudulent intent when he made his election to take the deferred pension, nevertheless that election and the approval by the trustees is immune from attack unless the trustees participated in the fraud. The applicable rule is stated in 37 C.J.S. Fraudulent Conveyances § 117 (1943) as follows: "Where a transfer is for a valuable consideration, creditors cannot attack it because of the fraudulent intent of the grantor if the grantee had no notice thereof and did not participate therein." That statement of the law was cited and quoted with approval in *Friedel v. Bailey*, 329 Mo. 22, 44 S.W.2d 9, 12 (1931).

The wife has never contended, much less proved, that the garnishees participated in any way in a fraudulent scheme to defeat the rights of the wife and children. Further, the commitment by the trustees to continue to handle the pension funds and pay the agreed annuity commencing in 1987 constituted a good and valuable consideration.

The wife argued in the trial court and continues to argue vigorously here that Section 452.140, RSMo 1978 enables her to reach the funds held by the garnishees on behalf of Davis regardless of any objection on their part. That Section reads: "No

---

1. The wife raises a counter-point challenging the garnishees' standing to raise the various defenses claimed by them. Garnishees' right to appeal is firmly established by *Pugh v. St. Louis Police Relief Ass'n*, 237 Mo.App. 922, 179 S.W.2d 927 (1944). Their right to raise the key issue just mentioned is also well-settled: *People's Savings Bank v. Hoppe*, 132 Mo.App. 449, 111 S.W. 1190 (1908); *Cook v. McCoy*, 118 S.W.2d 1043 (Mo.App.1938); *Brown v. Ma-*

guire's Real Estate Agency, 343 Mo. 336, 121 S.W.2d 754 (1938).

2. Until January 1, 1981, Rule 90.25 duplicated the quoted statutory provision, but in the 1981 revision of the Supreme Court Rules, the provision of Rule 90.25 was not readopted. This change in Supreme Court Rules, however, leaves the statute and the cited cases unaffected.

property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony or for the support and maintenance of children." This statutory provision can and does override any and all exemption statutes, including Sections 87.090 and 87.-485, RSMo 1978, as well as Section A9.101 of the Kansas City Administrative Code. *Pugh v. St. Louis Police Relief Ass'n, supra.*[3] However, Section 452.140 cannot be given the effect of subjecting to garnishment in 1979 a debt on which payments will not begin to become due until 1987.

The order dated August 5, 1980, is reversed.

All concur.

---

**3.** The parties have treated as the principal arena of combat between them the conflict between the exemption sections just cited (which the garnishees contend prevail) as against Section 452.140 (which the wife contends prevails). The trial court treated this conflict as apical, making this the subject of its sole Conclusion of Law as follows: "The Court finds that the provisions and underlying legislative intent of Missouri Annotated Statutes Section 452.140 (Vernon 1977) takes precedence and is controlling over Sections 87.090, 87.485 RSMo 1969 and Section A9.101 Kansas City Administrative Code to the extent such provisions attempt to prevent collection of the past due child support allowances, subject of these garnishment proceedings."