**In re Jack Allen KINDER & Laura Jane Kinder, Debtors.**

**Bankruptcy No. 91–20254–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Oct. 25, 1991.

Jerry W. Venters, Jefferson City, Mo., for debtors.

Gary L. Stamper, Columbia, Mo., for Norma L. Kinder.

Jack E. Brown, Columbia, Mo., trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case comes before the Court on a motion by the debtor styled *Debtors' Objection to Proof of Claim Filed by Norma L. Kinder, Combined with Motion to Avoid Lien Claimed by Norma L. Kinder.* However, the real issue raised by the parties is the nature of the interests held by the debtor vis-a-vis his former wife in the pension system which accumulated during the couple's marriage, and what effect the nature of that interest has on lien avoidance under Section 522(f).

Norma L. Kinder is the former wife of the debtor. The decree of dissolution which dissolved the marriage of Ms. Kinder and the debtor, awarded Ms. Kinder a half interest in the debtor's pension plan and a judgment against the debtor for $97,500.00 to protect Ms. Kinder's interest in the pension system. Norma Kinder filed a proof of claim asserting that she has a secured claim of $97,500.00 plus interest against the debtor. The debtor asks this Court to deny Ms. Kinder's claim and avoid Ms. Kinder's asserted lien.

For the reasons stated herein, Ms. Kinder's interest in the subject pension benefits is her sole and separate property pursuant to the decree of dissolution. As her sole and separate property, it is not an interest in property of the debtor upon which this Court may act to avoid any lien under Section 522(f).

## DISCUSSION

■ The property interest at issue in this case is an interest in The Public School Retirement System of Missouri. This interest accrued as a result of the debtor's employment, most recently as executive director of the Missouri State Teachers Association. This interest in the retirement system was built up during the 35 years of Ms. Kinder's marriage to the debtor. With some exceptions not relevant here, property acquired subsequent to a marriage and prior to a decree of dissolution is marital property. Mo.Rev.Stat. Section 452.330.2

(Supp.1990). Consequently, a pension earned by one of the spouses during marriage is marital property and may be divided by the court along with other forms of marital property. *Kuchta v. Kuchta,* 636 S.W.2d 663, 666 (Mo.1982). The determination of what is and what is not marital property is not dependent upon the manner in which a particular item of property is titled, so even though the subject interest in the pension system may be titled in the name of the debtor, the Missouri court had full authority to make a decree awarding a portion of the pension entitlement to Ms. Kinder. Mo.Rev.Stat. Section 452.330.3 (Supp.1990); *Kuchta* at 666.

■ With the basis for the state court's decree established, it is only necessary to look to that decree to determine the nature of the right which was conferred upon Ms. Kinder. The decree of the Circuit Court of Boone County, Missouri, dated October 4, 1988, awarded Ms. Kinder "a one-half interest in [debtor's] pension plan # 164574 held by the Public School Retirement System of Missouri ... payable forthwith." The decree went on to award Ms. Kinder "a judgment against [the debtor] in the sum of $97,500.00 so as to protect her interest in said retirement fund in the interim."

■ The debtor's arguments are focused on the $97,500.00 judgment against the debtor. But the decree makes it clear that the only purpose of that judgment was to protect Ms. Kinder's interest in the retirement fund until her half of the fund has been paid to her. The primary thrust of that paragraph of the decree was to award Ms. Kinder a one-half interest in the pension plan. The obligation of a divorced husband to pay over to his former wife one-half of his pension benefits gives rise to a constructive trust relationship rather than that of debtor-creditor. *Bush v. Taylor,* 912 F.2d 989, 993 (8th Cir.1990). As a consequence, the effect of the state court's decree is to give Ms. Kinder an equitable interest which is her sole and separate property. *Bush v. Taylor* at 993.[1]

1. The debtor points out that pension benefits

conferred under The Public School Retirement

■ Under Section 541, the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Section 541(a)(1) (1986). As a constructive trustee of retirement benefits for the benefit of Ms. Kinder, the debtor holds legal title to those benefits even though Ms. Kinder holds the equitable interest in the same benefits. "Property in which the debtor holds ... only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. Section 541(d).

Section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien."

In this case, the state court gave Ms. Kinder a property award of one-half interest in the subject retirement system. As the statute makes clear, the debtor may only avoid a lien which attaches to an interest in property of the debtor. To the extent that a lien attaches to Ms. Kinder's one-half interest in the retirement plan, it attaches to her sole and separate property. As such, it is not fixed upon an interest in property of the debtor and Section 522(f) does not allow avoidance of such lien.

■ With regard to the question whether or not Ms. Kinder has a valid claim

against the bankruptcy estate and whether or not a valid lien exists against the pension system, the parties have not put sufficient information before the Court to make that determination. It is clear that a decree, like most money judgments, created a lien against the real property of the debtor. Mo.Rev.Stat. Section 511.350 (1986). However, Ms. Kinder has issued execution and garnishment. A lien on intangibles may be created by way of garnishment. *Vittert Const. and Investment Co. v. Wall Covering Contractors, Inc.*, 473 S.W.2d 799, 804 (Mo.Ct.App.1971); *Mann v. Art Britton Auction Sales, Ltd. (In re Riverfront Food and Beverage Corp.)*, 29 B.R. 846, 849 (Bankr.E.D.Mo.1983). The record indicates that a garnishment has been served upon the Public School Retirement System of Missouri, but it is unclear to the Court whether such garnishment was served in aid of execution on the support decree, the division of pension funds, or the personal judgment to protect the pension award.

## CONCLUSION

Ms. Kinder was awarded a one-half interest in the pension fund by a state court of competent jurisdiction. It either became her property at that time or debtor became a constructive trustee for her as to her one-half interest in the fund. Since that one-half interest is not the absolute property of the debtor, it is not property of the estate. Any judicial lien attaching to it is not avoidable by the debtor under 11 U.S.C. Section

System of Missouri are not "subject to execution, garnishment, attachment, writ of sequestration, or any other claim whatsoever and shall be unassignable." Mo.Rev.Stat. Section 169.587 (1986). While it does not appear that the Missouri courts have specifically addressed the effect of that quasi spendthrift trust provision upon the ability of the court to make a division of marital property including the pension fund, a number of state courts have addressed whether or not public pension systems are divisible as marital property. The weight of authority in those states addressing the issue is that such pension funds are divisible as marital property notwithstanding similar spendthrift provisions. *Annotation: Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses*, 94 ALR3d 176 Section 4[e] (1979 and Supp.1991).

Numerous Missouri cases have determined that public employee pensions with spendthrift trust provisions are subject to execution and garnishment to effectuate orders for maintenance or support. *See, e.g. Davis v. Thompson*, 619 S.W.2d 754, 756–57 (Mo.Ct.App.1981); *Pugh v. St. Louis Police Relief Ass'n*, 237 Mo.App. 922, 179 S.W.2d 927, 934–36 (1944). In any case, that is not an issue for decision by this Court. The fact is that the state court decree of dissolution did award Ms. Kinder a one-half interest in the fund and there is no indication in the record before this Court that this portion of the decree of dissolution was challenged by the debtor in the state courts. Consequently, this Court will not address the issue of the validity of the division of the pension in relation to the spendthrift provision in Mo.Rev.Stat. Section 169.587 (1986).

522(f) since it is not "fixed" on property of the debtor. Accordingly, debtor's Motions are DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.