Virginia **MURRAY**, Respondent,

v.

John **MURRAY**, Appellant.

No. ED 85867.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 15, 2005.

Joanne M. Descher, Valerie T. Murray (co-counsel), St. Louis, MO, for appellant.

Craig G. Kallen III, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Presiding Judge.

John Murray ("John") appeals from a judgment of the trial court dismissing a motion to quash the garnishment and holding that his former wife, Virginia Murray ("Virginia") was not prohibited from executing on a February 2003 judgment for unpaid child support and uncovered medical expenses. First, John claims that the trial court erred in denying his motion to quash the garnishment because the garnishment was void and the trial court did not have jurisdiction over the res. Second, John alleges that the trial court erred in denying his motion to quash the garnishment because execution of a garnishment

may not be had on a debt not yet due. Finally, John argues that the trial court erred in denying his motion to quash the garnishment because he was not in default on his obligation to pay back child support and unreimbursed medical expenses. Therefore, he claims that there was no judgment against him which could be satisfied by garnishment. We affirm in part and reverse in part and remand.

## Background

John and Virginia were married on May 1, 1982. Three children were born of the marriage; the youngest on March 5, 1989. When the couple divorced, the divorce decree of February 15, 1996 awarded, inter alia, the marital house to Virginia, and the sum of $18,500.00 to John, to be a judgment and a lien with interest at nine percent per year. The execution of the judgment and payment of the interest was to be stayed for a period of eleven years from the date of the decree; or until the youngest living child attained age eighteen, married or otherwise became emancipated; or until Virginia remarried, whichever event occurred first.

John filed an action to modify the divorce decree in August 2001, and to transfer primary physical custody of the two minor daughters to him. Virginia then filed a motion for contempt claiming that John owed her child support and unreimbursed medical expenses. The trial court found that John had refused to pay Virginia the amount she demanded as his portion of the unpaid medical expenses "because of his reasonable belief that no unpaid medical expenses was [sic] owed and not because he intentionally and contumaciously was refusing to comply with the court's order." Likewise, the court found that John had not paid Virginia the amount of child support she demanded "because of his reasonable belief that the amount of child support claimed was incorrect and not because he intentionally and contumaciously was refusing to comply with the court's order."

On February 26, 2003, the trial court entered a judgment for $14,225.37 against John for the unpaid arrearages. When John paid no money, Virginia garnished John's checking account. On June 14, 2003, John and Virginia signed an agreement that John would pay an additional $300.00 per month toward the amount he owed Virginia, and she would release the garnishment on his checking account. John made the $300.00 monthly payments from June 2003 until December 2003.

In January 2004, Virginia began the process of refinancing the marital house. When the refinancing was completed, the lender paid Abstar Title Company $18,500.00 to satisfy the judgment lien against the property which John held as a result of the 1996 divorce decree. Virginia then began an action to garnish the funds being held by Abstar as a result of John's lien on the property.

Virginia sent a garnishment request to Abstar and under instructions for service, the request to issue garnishment stated, "$18,500.00 owed to Judgment debtor upon closing of real property; Garnishment amount to be deducted from this." There was no mention of the accrued interest of nine percent due on the judgment. The interrogatories to garnishee, dated February 11, 2004, contain the following question and answer:

Q: At the time of service of the garnishment, or at any time thereafter until the return date stated in the summons of garnishment, did you owe the judgment debtor any money (including wages, salary, and commissions), or do you owe the judgment debtor any now?

A: Yes, $18,500.00 to be paid to John Murray to satisfy lien on 455 S. Gore Ave. 63119.

Abstar then submitted a check to the clerk of the court dated February 9, 2004, in the amount of $15,047.27, as the garnishment request specified. The funds were disbursed by the court on February 23, 2004.

John filed a motion to quash the garnishment on February 24, 2004 after the funds had been disbursed. The trial court denied the motion, holding that Virginia's garnishment filed on February 13, 2004 was valid and was properly processed by the court.

### Standard of Review

In court tried cases, the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. *Id.*

### Obligation

We will begin with Point III, regarding the validity of the judgment. John claims that the trial court erred in dismissing his motion to quash the garnishment because he was not in default on his obligation to pay back child support and unreimbursed medical expenses. In addition, he argues that the garnishment request is barred by the doctrine of waiver and acquiescence. He asserts that Virginia waived any right to immediate payment in full because of the agreement of June 2003 whereby she released the garnishment of his checking account and he agreed to pay an additional $300.00 per month. John argues that since he made the additional monthly payments to Virginia, she waived her right to immediately demand payment in full of the entire past due amount, and therefore the garnishment was invalid.

Waiver by acquiescence may be interposed as a defense of an action brought by wife for arrearages in alimony or past due child support. *State ex rel. Div. of Family Services v. Willig*, 613 S.W.2d 705, 706 (Mo.App. E.D.1981). Delay in demanding payment of child support or acceptance of a sum less than that owed does not preclude a claim for the full amount owed. *Id.* We have previously held that the defense denominated as waiver by acquiescence does not arise in the absence of some fact or circumstance which warrants the invocation of equitable considerations in order to avoid injustice. *Grommet v. Grommet*, 714 S.W.2d 747, 751 (Mo.App. E.D.1986). To invoke the doctrine of waiver by acquiescence, the obligor must show more than an agreement by the obligee to accept reduced payments or a delay in demanding full payment. *Foster v. Foster*, 39 S.W.3d 523, 530 (Mo.App. E.D.2001). Without more, acceptance of an amount less than owed or a delay in demanding child support payments does not rise to the level of waiver by acquiescence. *State ex rel. Bramlet v. Owsley*, 834 S.W.2d 868, 871 (Mo.App.1992).

Here, we find that the agreement John and Virginia entered into obligated Virginia only to release the garnishment on John's checking account in exchange for his making the additional $300.00 monthly payments. There was no prohibition of any other garnishment, nor any provision for Virginia to waive her right to demand the full outstanding amount due at any time. We find that Virginia holds a valid

judgment for the remaining child support and unreimbursed medical expenses. This point is denied.

## Debt Not Yet Due

■ In Point II, John claims that the trial court erred in dismissing his motion to quash the garnishment because execution of a garnishment may not be had on a debt not yet due. He asserts that since he had no right to demand payment from Virginia before one of the three conditions of the dissolution decree occurred, execution of the garnishment was not proper. We agree.

■ Section 525.260 [1] provides that debts not yet due to the defendant may be attached, but no execution shall be awarded against the garnishee for debts until they shall become due. Missouri law holds that garnishees may set off any matured and liquidated claims they hold against judgment debtors. *Wenneker v. Physicians Multispecialty Group, Inc.*, 814 S.W.2d 294, 296 (Mo. banc 1991). Garnishment is a legal process through which a holder of a judgment may apply sums which others owe the judgment debtors to the satisfaction of the judgment. *Id.* It is said that the garnishor stands in the shoes of the judgment debtor. *Id.* It follows that the garnishor may reach the indebtedness which the garnishee has a present obligation to pay to the judgment debtor at the time of service, and nothing beyond this. *Id.* The governing principle is that the right of a garnishing creditor against a garnishee cannot be greater than the right of the judgment debtor against the garnishee. *Davis v. Thompson*, 619 S.W.2d 754, 756 (Mo.App. W.D.1981).

In *Davis*, a divorced wife sought to garnish pension fund monies held for the benefit of her ex-husband to satisfy delinquent child support payments. *Id.* at 755. The trial court ordered the amount of delinquency paid into court by the garnishees. *Id.* at 756. The Western District reversed the trial court, holding that the key point was that the husband did not have any present right to the payment of the money which would be subjected to garnishment. *Id.*

In the case before us, John held a judgment lien for $18,500.00 plus nine percent annual interest on the house at 455 S. Gore Avenue pursuant to the dissolution decree of February 1996. However, execution of the judgment was stayed until one of three conditions occurred: eleven years elapsed, the youngest living Murray daughter turned eighteen or became otherwise emancipated, or Virginia remarried. The debt was not yet due as of the date of the garnishment at issue. Thus, John did not have at the time of the garnishment, and does not have now, any present right to the payment of the $18,500.00 with the nine percent accrued interest. Under Section 525.260, a debt which is not due until 2007 cannot be subject to garnishment in 2004. Therefore, execution on the debt was not proper. We reverse the trial court's judgment on this point and remand for further proceedings consistent with this opinion.

## Void Garnishment

John also contends that the trial court erred in dismissing his motion to quash the garnishment because the garnishment was void so the trial court never had jurisdiction over the res. He claims that since a valid judgment and a valid execution are both necessary to enforce a garnishment, if garnishment statutes are not followed exactly, a trial court is without jurisdiction to proceed.

1. All statutory references are to RSMo 2004, unless otherwise indicated.

In our discussion of Point II, the garnishment of a debt that is not yet due, we determined that the trial court erred in dismissing John's motion to quash the garnishment because he did not have a present right to payment of the money under the terms of the February 1996 dissolution decree. Since we find Point II dispositive, we need not determine the validity or invalidity of the garnishment document itself.

### Conclusion

The judgment of the trial court is affirmed in part and reversed in part. The cause is remanded to the trial court with directions to enter an order quashing the garnishment and to take such further actions as may be consistent with this opinion.

ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.